455 F.Supp. 1212 (1978)
The JUNIOR COLLEGE DISTRICT OF ST. LOUIS, St. Louis County, Missouri, sometimes known as St. Louis Community College, a body corporate and political subdivision of the State of Missouri, Plaintiff,
v.
Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare of the United States of America, and the United States Department of Health, Education and Welfare, an agency of the United States of America, Defendant.
No. 78-319C(3).
United States District Court, E. D. Missouri, E. D.
September 20, 1978.
*1213 Thomas E. Wack and Edwin S. Fryer, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for plaintiff.
Wesley D. Wedemeyer, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon defendants' motion to dismiss and upon cross-motions for summary judgment. Plaintiff filed this suit pursuant to 28 U.S.C. § 1331 seeking declaratory and injunctive relief. Plaintiff alleges in its complaint that it is a public institution of higher education receiving considerable amounts of federal financial assistance. On September 1, 1976, plaintiff was notified by defendant, United States Department of Health, Education and Welfare, that a complaint of sex discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., had been filed by an employee of plaintiff. The employee charged that she received less compensation than males employed in a similar capacity by plaintiff. Thereupon, defendant HEW proceeded to investigate the charge, including examination of plaintiff's employment practices, demands for information and documents, and demands for office space and the use of a telephone. Plaintiff alleges that it has complied with all such requests which has forced plaintiff to incur expenses and lost man-hours. On December 22, 1977, defendant HEW issued a "Letter of Findings" wherein it concluded that plaintiff had discriminated against the complaining employee. A "Conciliation Agreement" has been tendered to plaintiff and plaintiff has been informed by defendant HEW that if the charges are not settled by conciliation, HEW will transmit the file to its Washington, D.C. office for commencement of administrative adjudication proceedings leading to a termination of all of plaintiff's federal financial assistance. On March 21, 1978, upon the advice of counsel, plaintiff informed defendant HEW of its decision to discontinue participation in conciliation efforts or administrative adjudication upon the belief that defendant HEW lacked jurisdiction of the charge filed. Plaintiff alleges that defendant HEW's promulgation and enforcement of 45 C.F.R. §§ 86.51-86.70 is in excess of the authority conferred by Congress, violates Article I of the United States Constitution, violates plaintiff's Fifth Amendment rights, and is in excess of statutory jurisdiction and authority. When defendant HEW refused to discontinue or stay further proceedings upon the charge filed by plaintiff's employee, plaintiff filed this suit.
Defendants contend, in the motion to dismiss, that plaintiff has failed to state a claim because defendant HEW has authority to prohibit discrimination in employment and further asserts that subject matter jurisdiction is lacking because plaintiff has failed to exhaust administrative procedures. This latter contention is without merit. The same was rejected in Romeo Community Schools v. United States Department of Health, Education and Welfare, 438 F.Supp. 1021 (E.D.Mich.1977), appeal pending, No. 77-1691 (6th Cir. 1978); and Seattle University v. United States Department of Health, Education and Welfare, 16 EPD ¶ 8241 (W.D.Wash.1978).
*1214 Defendants' contention that defendant HEW has authority to prohibit discrimination in employment, in support of its motion to dismiss, is also asserted in support of its alternative motion for summary judgment. Plaintiff's motion for summary judgment asserts that defendants do not have such authority.
Title 20 U.S.C. § 1681(a) provides in part: No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . ..
Title 20 U.S.C. § 1682 empowers defendant HEW to promulgate rules and regulations and further provides:
Compliance with any requirement adopted pursuant to this section may be effected (1) by the termination of or refusal to grant or to continue assistance under such program or activity to any recipient as to whom there has been an express finding on the record, after opportunity for hearing, of a failure to comply with such requirements, but such termination or refusal shall be limited to the particular political entity, or part thereof, or other recipient as to whom such a finding has been made, and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been found, or (2) by any other means authorized by law: . . .
The relevant regulations provide in part:
(a) General. (1) No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination in employment, or recruitment, consideration, or selection therefor, whether full-time or part-time, under any education program or activity operated by a recipient which receives or benefits from Federal financial assistance.
. . . . .
(b) Application. The provisions of this subpart apply to:
. . . . .
(3) Rates of pay or any other form of compensation, and changes in compensation . . .. 45 C.F.R. § 86.51.
A recipient shall not make or enforce any policy or practice which, on the basis of sex:
(a) Makes distinctions in rates of pay or other compensation;
(b) Results in the payment of wages to employees of one sex at a rate less than that paid to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. 45 C.F.R. § 86.54.
The arguments advanced by defendants herein have been made to and rejected by three other courts. See Romeo Community Schools, supra (pregnancy policy); Seattle University, supra (compensation); Brunswick School Board v. Califano, 449 F.Supp. 866, 16 EPD ¶ 8242 (D.C.Me.1978) (pregnancy policy). Each of these courts have held that defendants do not have the statutory authority to regulate employment discrimination and that therefore, the regulations promulgated with reference thereto are void. This Court agrees.
Title 20 U.S.C. § 1681 by its own language refers only to participants or beneficiaries of the educational program receiving financial assistance. An employee, under the circumstances presented herein, is not such a participant or beneficiary. Romeo Community Schools, supra at 1031; Seattle University, supra at 5244-45; Brunswick School Board, supra, 449 F.Supp. at 870, 16 EPD at 5250. This construction is supported not only by the language of § 1681 but by the nature of the exclusions thereto, and the enforcement provisions of § 1682. As noted by the courts in Romeo Community Schools, Seattle University, and Brunswick School Board, termination of funds where the students are themselves the victims of discrimination is justified: ". . . any benefit which students might derive from education programs financed by HEW was more than outweighed by the sex discrimination in those programs". *1215 Romeo Community Schools, supra at 1032. A termination of funds where only an employee, and not any student, was the victim of discrimination can not be justified. The sanction does not enforce the students' rights, since their rights have not been violated. Additionally, the court in Seattle University noted that the termination of funds would probably result in the lay off of staff and other employees. Accordingly, if defendants' interpretation were correct, Congress was authorizing the termination of funds, leading to the lay off of employees, in order to enforce the employees' rights. "Since it is doubtful that Congress intended to resort to such an arbitrary enforcement measure to protect employee rights, it is similarly doubtful that Congress intended by § 1681 to protect employees at all." Id. at 5245.
An additional support for the construction that § 1681 does not include employees is found in the requirement of § 1682 that the termination of aid be "program-specific". By its very nature, supervision of employment policies is not program-specific. Thus, through its attempt to regulate employment policies, defendants assert the right to terminate all funding in contravention of the statutory language in § 1682.
The only other argument asserted by defendants which merits extended discussion is the argument that defendants have the authority to investigate discrimination in employment to the extent that it constitutes discrimination against students. The Court rejects this argument:
Whatever its validity or significance . . the possibility of such a discriminatory infection does not authorize HEW to regulate employment practices for their own sake, and that quite clearly is what HEW purports to do through Subpart E of its Title IX regulations. There is no provision in any of these regulations which specifies that the particular employment practice regulated must result in substantial sex discrimination against students in federally financed education programs, nor does it appear that HEW considers itself under any obligation to establish such resultant student discrimination before the requirements of Subpart E may be enforced. Romeo Community Schools, supra at 1035.
See also Seattle University, supra at 5246; Brunswick School Board, supra 449 F.Supp. at 873, 16 EPD at 5253.
Accordingly, the Court concludes that plaintiff's motion for summary judgment should be granted and that defendants' motion should be denied. Since this Court has construed 20 U.S.C. § 1681 to apply only to students and other direct beneficiaries of federal financial assistance and not to apply to employees of recipient institutions, defendants had no authority to promulgate and enforce 45 C.F.R. §§ 86.51 and 86.54. Declaratory and injunctive relief will be entered for plaintiff.