The UNIVERSITY OF TOLEDO, Plaintiff,

v.

UNITED STATES DEPT. OF HEW et al., Defendants.

No. C 77–235.

United States District Court, N. D. Ohio, W. D.

Jan. 31, 1979.

Theodore M. Rowen, Spengler, Nathanson, Heyman, McCarthy & Durfee, Toledo, Ohio, for plaintiff.

Patrick J. Foley, Asst. U. S. Atty., Toledo, Ohio, for defendants.

## OPINION and ORDER

WALINSKI, District Judge:

This cause came to be heard on defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, and the Plaintiff's Motion for Summary Judgment or in the Alternative, for a Stay of These Proceedings. All issues have been fully briefed by the parties, and the matter is now ripe for disposition.

### Preliminary Statement

This action is brought pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 701 et seq. Jurisdiction is alleged under 20 U.S.C. § 1683, and 28 U.S.C. § 1331. Plaintiff herein, The University of Toledo, seeks an order declaring that certain regulations promulgated by the Defendants, the United States Department of Health, Education and Welfare [hereinafter HEW], and Joseph Califano, Secretary of HEW, are invalid for the reason that they are beyond the scope of the legislative authority provided by 20 U.S.C. § 1681 et seq. Further, plaintiff seeks an order declaring that HEW has no authority to conduct an investigation, or to regulate the employment practices of federally-assisted schools. Finally, plaintiff seeks an order permanently enjoining the defendants from investigating any employment practices of the plaintiff; threatening the termination of, or actually terminating federal assistance currently afforded the plaintiff, or contemplated being afforded the plaintiff; and from processing complaints filed by two female employees of the plaintiff.

The facts giving rise to this action are undisputed, and can be briefly summarized as follows:

The Plaintiff, The University of Toledo, is a state university which participates in various federally-funded education programs. In response to complaints of sex discrimination in employment lodged by past and present employees of the plaintiff, the Office of Civil Rights of HEW notified plaintiff that an investigation of the charges of sex discrimination would commence at plaintiff's premises on May 25, 1977.

Plaintiff commenced this action on May 19, 1977, and on that date the parties agreed to maintain the status quo until the matter could be resolved on the merits.

### The Parties' Cross-Motions for Summary Judgment

No triable issues of material fact exist in this case. The only issues before the Court are ones of law:

1) Does Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., authorize the promulgation of regulations directed to the employment practices of federally-funded education programs? and

2) Does HEW have inherent authority to investigate the employment practices of federally-funded education programs

as part of its general compliance programs?

These issues will be addressed *seriatim*.

*Does Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., Authorize the Promulgation of Regulations Directed to the Employment Practices of Federally-Funded Education Programs?* ·

Title IX, 20 U.S.C. § 1681, provides, *inter alia* :

(a) No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance * * *

It is significant to note that Title IX was enacted by Congress in 1972 as part of a legislative package in which Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, was extended to include educational institutions, and the Equal Pay Act, 29 U.S.C. § 206(d), was extended to cover teachers. 20 U.S.C. § 1682 directs each federal department and agency which is empowered to extend financial assistance to any education program to effectuate the provisions of § 1681 by issuing rules, regulations or orders of general application. Pursuant to § 1682, HEW promulgated 45 C.F.R. § 86.51 *et seq.* 45 C.F.R. § 86.51 states, *inter alia* :

Section 86.51 Employment

(a) General. (1) No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination in employment, or recruitment, consideration or selection therefor, whether full-time or part time, under any education program or activity operated by a recipient which receives or benefits from Federal financial assistance.

(2) A recipient shall make all employment decisions in any education program or activity operated by such recipient in a nondiscriminatory manner and shall not limit, segregate or classify applicants or employees in any way which could adversely affect any applicant's or employee's employment opportunities or status because of sex.

Plaintiff contends that § 1681 prohibits only discrimination against students as the direct beneficiaries of federally-assisted education programs, and that therefore all regulations promulgated under § 1682 which are directed to the *employment practices* of federally-funded education programs are invalid for the reason that they go beyond the authority provided by §§ 1681 and 1682. ´

■ This precise challenge to the validity of the regulations set forth at 45 C.F.R. § 86.51 *et seq.* has been presented to no less than five federal district courts. With a uniformity of opinion not often seen among· district courts, each court which has reviewed the issue has concluded that the subject regulations are beyond the scope of the authority granted by 20 U.S.C. § 1681 *et seq.*, and are therefore invalid and unenforceable. *See Junior College District of St. Louis v. Califano*, 455 F.Supp. 1212 (E.D. Mo.1978); *Dougherty County School System v. Califano*, No. 78–30–ALB (M.D.Ga. August 22, 1978); *Brunswick School Board v. Califano,* 449 F.Supp. 866 (D.Me.1978); *Seattle University v. United States Department of Health, Education and Welfare*, 16 E.P.D. ¶8241 (W.D.Wash.1978); *Romeo Community Schools v. United States Department of Health, Education and Welfare*, 438 F.Supp. 1021 (E.D.Mich.1977), *appeal pending*, No. 77–1691 (6th Cir. 1978). The defendants have advanced no arguments to support the challenged regulations which were not fully considered in the above-cited cases. The holdings of these cases are supported by both law and logic, and are wholly persuasive to the Court. Accordingly, the Court will simply adopt the reasoning of the above-cited cases, and hereby holds that the challenged regulations are void and unenforceable for the reason that they are not authorized by § 1681 *et seq.*

*Does HEW Have Inherent Authority to Investigate the Employment Practices of Federally-Funded Education Programs as Part of its General Compliance Programs?*

HEW asserts that even assuming, *arguendo*, that § 1681 extends only to students, and the promulgated regulations are therefore void, it nonetheless has jurisdiction to *investigate* the employment practices of the plaintiff in order to determine the plaintiff's *overall* compliance with Title IX. HEW hypothesizes that sex discrimination in employment may also constitute discrimination against students, and asserts that in order to be able to establish such a connection, HEW must be permitted to conduct an "appropriate investigation." In HEW's view, an "appropriate investigation" would be limited only by the requirement that the information sought be "pertinent to ascertain compliance" with Title IX generally. 45 C.F.R. § 80.6(c).

The Court finds the defendants' argument unpersuasive on the facts before it. The complaints which prompted the investigation at issue in this case assert *only* claims of employment discrimination. No facts or allegations are set forth in those complaints from which it could be inferred that the University is discriminating on the basis of sex against *students.* Moreover, it is clear that in initiating its investigation, HEW was focusing on the issue of employment discrimination *per se.* *See also Seattle University, supra.*

■ The Court has held, *supra,* that § 1681 does not authorize HEW to regulate the employment practices of federally-funded educational institutions. It is elementary that an administrative inquiry must be within the authority of the investigating agency. HEW has no authority to regulate employment, and the plaintiff is therefore entitled to an injunction against further investigation of the employment practices at issue herein.

For the reasons set forth above, it is

ORDERED that defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment should be and hereby is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment should be and hereby is granted.

IT IS FURTHER ORDERED that the regulations set forth in 45 C.F.R. §§ 86.51 and 86.54, promulgated by defendants pursuant to 20 U.S.C. § 1681 *et seq.,* should be and hereby are declared invalid and void and of no effect.

IT IS FURTHER ORDERED that Defendants Joseph A. Califano, Jr. and United States Department of Health, Education and Welfare, agents, employees and persons in active concert or participation with them, are permanently enjoined from engaging in any investigation of Plaintiff, The University of Toledo, pursuant to any complaint filed with defendants alleging discrimination against any employee of plaintiff pursuant to 45 C.F.R. §§ 86.51 and 86.54; from making or attempting to make any finding that plaintiff is in noncompliance with said regulations; from terminating or refusing to grant, or attempting to terminate or refuse to grant federal financial assistance to plaintiff for any alleged noncompliance with said regulations; and from failing to duly and normally process plaintiff's applications for federal financial assistance.

IT IS SO ORDERED.