597 F.2d 119
 19 Fair Empl.Prac.Cas. 801, 19 Empl. Prac.
Dec. P 9139
The JUNIOR COLLEGE DISTRICT OF ST. LOUIS, ST. LOUIS COUNTY,
MISSOURI, sometimes known as St. Louis Community
College, a Body Corporate and Political
Subdivision of the State of
Missouri, Appellee,
v.
Joseph A. CALIFANO, Jr., Secretary of Health, Education and
Welfare of the United States of America, and the United
States Department of Health, Education and Welfare, an
agency of the United States of America, Appellants.
 No. 78-1830.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1979.
Decided April 19, 1979.
Rehearing and Rehearing En Banc Denied June 4, 1979.
 
 Marie E. Klimesz, Atty., Dept. of Justice, Washington, D. C., argued, for appellants.
 Thomas E. Wack, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., argued, for appellee.
 Before BRIGHT and STEPHENSON, Circuit Judges, and BOGUE,* District Judge.
 STEPHENSON, Circuit Judge.
 
 
 1
 Defendant-appellant HEW appeals from the trial court's[1] ruling that HEW does not have authority, under the Education Amendments of 1972, §§ 901-02, 20 U.S.C. §§ 1681-82, to regulate employment discrimination. We affirm.
 
 
 2
 HEW received a complaint of sex discrimination (equal pay) filed under Title IX, Educational Amendments of 1972, 20 U.S.C. § 1681 et seq., by an employee (Assistant Dean for Financial Aid and Placement at Florissant Valley Campus) of plaintiff-appellee Junior College District of St. Louis. Upon investigation, HEW determined that there had been discrimination and thus issued a Conciliation Agreement along with a directive that stated should plaintiff not take corrective action, HEW would begin administrative adjudication proceedings to terminate plaintiff's federal financial assistance.
 
 
 3
 Plaintiff refused to comply with the Conciliation Agreement and filed this suit in district court pursuant to 28 U.S.C. § 1331 seeking declaratory and injunctive relief.
 
 20 U.S.C. § 1681(a) provides in part:
 
 4
 (a) No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance * * *.
 
 
 5
 20 U.S.C. § 1682 gives HEW the authority to promulgate the rules and regulations and also provides (in part):
 
 
 6
 Compliance with any requirement adopted pursuant to this section may be effected (1) by the termination of or refusal to grant or to continue assistance under such program or activity to any recipient as to whom there has been an express finding on the record, after opportunity for hearing, of a failure to comply with such requirement, but such termination or refusal shall be limited to the particular political entity, or part thereof, or other recipient as to whom such a finding has been made, and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found, or (2) by any other means authorized by law * * *.
 
 
 7
 The controversial regulations by which HEW asserts its authority to regulate employment discrimination on the basis of sex, 45 C.F.R. §§ 86.51(a), (b)(3), and 86.54, provide in part:
 
 
 8
 (a) General. (1) No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination in employment, or recruitment, consideration, or selection therefor, whether full-time or part-time, under any education program or activity operated by a recipient which receives or benefits from Federal financial assistance.
 
 
 9
 (b) Application. The provisions of this subpart apply to:
 
 
 10
 (3) Rates of pay or any other form of compensation, and changes in compensation * * *.
 
 
 11
 A recipient shall not make or enforce any policy or practice which, on the basis of sex:
 
 
 12
 (a) Makes distinctions in rates of pay or other compensation;
 
 
 13
 (b) Results in the payment of wages to employees of one sex at a rate less than that paid to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.
 
 
 14
 The primary issue here is whether section 1681(a) covers employment discrimination; more specifically, the question is whether section 1681(a) covers only the direct beneficiaries of the federal funds and whether this includes personnel administering such federally funded programs.
 
 
 15
 The First Circuit in Islesboro School Comm. v. HEW, 593 F.2d 424 (1st Cir. 1979), has thoroughly addressed this question. We agree with the First Circuit's disposition of the issue and adopt the decision of that court.[2]
 
 
 16
 HEW's primary arguments are that the plain language of section 1681(a) and the legislative history of Title IX support HEW's position that employment discrimination was meant to be included within the scope and purpose of section 1681(a).
 
 
 17
 The First Circuit accurately noted that the plain language of section 1681(a) does not include employment discrimination, and after a thorough analysis of the legislative history, the First Circuit also determined that the intent of Congress was not to "embrace prohibitions against sex discrimination in employment" via section 1681(a). Id. at 428.
 
 
 18
 Because we agree with the First Circuit, and because it has addressed HEW's arguments thoroughly,[3] we decline to add an unnecessary and essentially duplicative discussion of these issues. For the reasons set out by the First Circuit in Islesboro, we affirm the district court.
 
 
 19
 Affirmed.
 
 
 
 *
 The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri. The district court's opinion is reported at 455 F.Supp. 1212 (E.D.Mo.1978)
 
 
 [2]
 The underlying discrimination charge in Islesboro concerned maternity leave employment policies which HEW asserted violated 45 C.F.R. § 86.57(c). Other than this factual distinction, the case is identical with the instant one insofar as the legal issues are concerned
 
 
 [3]
 HEW also argues that even if section 1681 does not authorize regulation of employment practices directly, HEW has authority to issue regulations which prohibit sex discrimination in employment to the extent that it constitutes discrimination against students. As in Islesboro, "(a) nexus between the discrimination against employees and its effect on students must first be shown." Islesboro School Comm. v. HEW, supra, at 430. Such nexus was not shown in this case. Further, the regulations in issue do not address the effects of discrimination on the students