**Alexis KNEELAND, Plaintiff,**

v.

**BLOOM TOWNSHIP HIGH SCHOOL DISTRICT NO. 206 et al., Defendants.**

**No. 79 C 3601.**

United States District Court, N. D. Illinois, E. D.

Feb. 21, 1980.

David P. Kula, Anthony Scariano & Associates, Chicago Heights, Ill., for defendants.

## MEMORANDUM OPINION

### Motion to Dismiss

MAROVITZ, Senior District Judge.

Plaintiff Alexis Kneeland brings this action against Bloom Township High School, District Number 206 (Bloom High School), the principal of Bloom High School, the superintendent of the school district, and individual members of the school district's board of education (hereinafter collectively referred to as "defendants"), alleging violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–86, and the regulations promulgated thereunder, 45 C.F.R. § 86.[1] The gravamen of plaintiff's complaint is that she was discriminated against on account of her sex when she was dismissed from her position as Women's Sports Coordinator at Bloom High School. Pending before the Court is defendants' motion to dismiss plaintiff's complaint for, *inter alia*, failure to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). The Court also takes cognizance herein of plaintiff's request, made in connection with her response to defendants' motion, that she be granted leave to amend her complaint. Fed.R.Civ.P. 15(a). For the reasons set forth below, the Court finds that plaintiff has failed to state a claim for relief under Title IX. Further, plaintiff is granted leave to file an amended complaint.

The Court necessarily first addresses defendants' contention that plaintiff has failed to assert in her complaint a statement of the grounds upon which the Court's jurisdiction depends, as required by Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's complaint does fail to direct the

Sylvia K. Smith, Flossmoor, Ill., for plaintiff.

---

1. In her complaint, plaintiff also sought to allege a violation of Title VI, while her reference thereto contained a citation to "42 U.S.C. § 2000(e)", the statutory provision which comprises Title VII. Defendants' instant motion responded to plaintiff's apparent assertion of a Title VII claim by pointing out that plaintiff had not alleged exhaustion of her available administrative remedies, a jurisdictional prerequisite to the bringing of an action founded upon a Title VII claim. *E.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796, 93 S.Ct. 1817, 1821, 36 L.Ed.2d 668 (1973). In her brief filed in response to defendants' motion, however, plaintiff acknowledged that her instant complaint does not entitle her to relief under either Title VI or Title VII.

Court's attention to which jurisdictional statute she relies upon in the bringing of her action. However, inasmuch as plaintiff alleges a violation of Title IX, the Court has jurisdiction under 28 U.S.C. § 1343. *Cannon v. University of Chicago*, 406 F.Supp. 1257 (N.D. Ill.1976), *rev'd on other grounds*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979).

Turning to defendants' contention that plaintiff has failed to state a claim under Title IX upon which relief can be granted, the Court first notes that dismissal of a cause of action for failure to state a claim should not be ordered "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Accordingly, for the purposes of the instant motion, the Court is to accept all of plaintiff's allegations as true. *Id.*

Title IX prohibits sex discrimination in connection with federally funded education programs. 20 U.S.C. § 1681(a). In *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), the Supreme Court held that a student alleging a violation of Title IX could bring a private right of action. Plaintiff, however, has failed to allege that defendants or any of their principals are recipients of federal funds. Arguably, the absence of such an allegation is, standing alone, fatal to plaintiff's claim. Notwithstanding, the Court today also reaches the specific substantive statutory question which is posed to it by defendants' motion; namely, whether Title IX prohibits employment-related sex discrimination in federally funded education programs.

The Circuit Courts of Appeals which have addressed this question have uniformly held that Title IX does not, with the possibility of a narrow area of exception,[2] apply to discriminatory employment practices. *Ro-*

*meo Community Schools v. United States Department of Health, Education, and Welfare*, 600 F.2d 581 (6th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 467, 62 L.Ed.2d 388; *Junior College District of St. Louis v. Califano*, 597 F.2d 119 (8th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 467, 62 L.Ed.2d 388; *Islesboro School Committee v. Califano*, 593 F.2d 424 (1st Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 467, 62 L.Ed.2d 387. Further, these cases all found the Department of Health, Education, and Welfare's regulations invalid to the extent that they purport to regulate employment practices pursuant to Title IX. The Supreme Court's opinions in this area are uninstructive on this question. *See, e. g., Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560. No reported cases from this Circuit have been found which address this question.

■ The above cited cases from the First, Sixth, and Eighth Circuits thoroughly considered the legislative history of Title IX and related statutory provisions in arriving at the conclusion that Congress did not intend Title IX to generally embrace employment related discrimination. The Court concurs in this conclusion and adopts the reasoning of those courts. While the Court feels it unnecessary to recount that reasoning herein, it does note in this connection that Congress has supplied remedies under Title VII, section 1983, and other statutes for certain forms of employment-related sex discrimination.

■ In sum, because the Court finds that employment-related sex discrimination is not actionable under Title IX, it further finds that plaintiff has failed to state a claim for relief under that statute. Accordingly, the Court need not reach the arguments made by defendants with respect to the parameters of a well-plead Title IX claim. Finally, to the extent portions of plaintiff's complaint, *e. g.*, ¶ 11, allude to possible state law claims, the Court finds

2. The First Circuit in *Islesboro* suggested that where an employee is doing work which is specially funded by the federal government, employment-related sex discrimination against

such an employee would be actionable under Title IX. *Islesboro Committee v. Califano*, 593 F.2d 430.

there to be no pendent jurisdiction over any such claims because plaintiff has failed to plead any substantial federal questions, in a non-jurisdictional sense. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

█ A reading of plaintiff's response to defendants' motion suggests that counsel did not give thorough consideration to the legal character of plaintiff's claim prior to the filing of the instant complaint. In plaintiff's response, although she does contest the question of Title IX's applicability to employment practices, the emphasis of plaintiff's claim has apparently shifted to constitutional and section 1983 theories of relief. Accordingly, plaintiff has requested leave to amend her complaint.

Hastily drawn pleadings often result in the unnecessary expenditure of judicial and private resources, a result which the Court obviously disapproves of. However, in view of the well-settled federal policy favoring the liberal amendment of pleadings, *e. g., Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Court hereby grants plaintiff leave to file an amended complaint. Fed.R.Civ.P. 15(a). Plaintiff is hereby given 10 days from the date of this memorandum opinion in which to file her amended complaint. Failure either to file an amended complaint, or to request an appropriate extension of time in which to file, within the allotted ten day period will result in the dismissal of plaintiff's complaint.