621 F.2d 992
 23 Fair Empl.Prac.Cas. 525,
23 Empl. Prac. Dec. P 31,039
SEATTLE UNIVERSITY, a Washington Nonprofit Corporation,
Plaintiff-Appellee,
v.
UNITED STATES DEPARTMENT OF HEALTH, EDUCATION AND WELFARE,
an agency of the United States of America,
Defendant-Appellant.
 No. 78-1746.
 United States Court of Appeals,
Ninth Circuit.
 June 19, 1980.
 
 Robert J. Walerius, Seattle, Wash., for defendant-appellant.
 Marie E. Klimesz, Dept. of Justice, Washington, D. C., for plaintiff-appellee.
 Appeal from the United States District Court for the Western District of Washington.
 Before CHOY and FERGUSON, Circuit Judges, and BARTELS,* District Judge.
 PER CURIAM:
 
 
 1
 Section 901(a) of the Education Amendments of 1972, codified at 20 U.S.C. § 1681(a),[1] prohibits discrimination on the basis of sex under any education program or activity receiving federal financial assistance. The Department of Health, Education and Welfare ("HEW"), pursuant to 20 U.S.C. § 1682,[2] promulgated regulations designed to effectuate the directive of § 901(a). The regulations in dispute, 45 C.F.R. §§ 86.51-.61,[3] are addressed to the employment practices of educational institutions. The district court found these regulations invalid and enjoined their enforcement and the cutoff of assistance for noncompliance. We affirm.
 
 
 2
 Plaintiff Seattle University, a private university, receives federal financial assistance for several of its programs. In June, 1975, the university was notified by HEW that a complaint charging sex discrimination in the award of salaries had been filed against the university by several faculty members in the School of Nursing. HEW initiated an investigation pursuant to Title IX. The university complied with several requests for information by HEW, but eventually refused to comply, charging that HEW had no authority under Title IX to conduct the investigation. The university, facing a cutoff in federal funds, filed suit for declaratory judgment and for injunctive relief.
 
 
 3
 After a hearing on cross-motions for summary judgment, the district court ruled that the adoption and issuance by HEW of the regulations at issue were in excess of the authority granted HEW by Congress under Title IX. HEW appeals.
 
 
 4
 HEW argues that both the language of the statute and the legislative history support its claim that Title IX protects employees. At the very least, it argues, HEW must be able to issue regulations which prohibit sex discrimination in employment to the extent that it constitutes discrimination against students.
 
 
 5
 Three courts of appeal have held, in cases nearly identical to this case, that Title IX does not protect employees qua employees. See Islesboro School Committee v. Califano, 593 F.2d 424 (1st Cir.), cert. denied, 444 U.S. 972, 100 S.Ct. 467, 62 L.Ed.2d 387 (1979); Junior College District of St. Louis v. Califano, 597 F.2d 119 (8th Cir.), cert. denied, 444 U.S. 972, 100 S.Ct. 467, 62 L.Ed.2d 388 (1979); Romeo Community Schools v. HEW, 600 F.2d 581 (6th Cir. 1979).[4] Each of these courts has noted that neither the plain language of Title IX nor the legislative history support HEW's contention that Congress intended that the statute reach employment discrimination. See, e. g., Islesboro, supra, 593 F.2d at 426-28.[5]
 
 
 6
 Similarly, these decisions fully respond to HEW's argument that employment discrimination is proscribed under Title IX when that discrimination infects the beneficiaries of the federally assisted program.[6] See, e. g., Islesboro, supra, 593 F.2d at 430:This "infection theory," as it is called, has been approved where it has been shown that eliminating discrimination against students is impossible in the absence of eliminating discrimination against faculty. . . . While the basic premise might be correct, that does not adequately underpin a grant of authority to HEW to promulgate broad-ranging regulations canvassing employment-related discrimination. A nexus between the discrimination against employees and its effect on students must first be shown.
 
 
 7
 Id. (Citations and footnote omitted).
 
 
 8
 Each argument raised by HEW on this appeal has been thoroughly addressed by the three courts of appeal cited above and by the district court. We agree with their decisions, and we find it unnecessary to add to their discussions. The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation
 
 
 [1]
 Section 1681(a) provides in pertinent part:
 No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . .
 
 
 [2]
 Section 1682 provides in pertinent part:
 Each Federal department and agency which is empowered to extend Federal financial assistance to any education program or activity, by way of grant, loan, or contract other than a contract of insurance or guaranty, is authorized and directed to effectuate the provisions of section 1681 of this title with respect to such program or activity by issuing rules, regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance in connection with which the action is taken. No such rule, regulation, or order shall become effective unless and until approved by the President. Compliance with any requirement adopted pursuant to this section may be effected (1) by the termination of or refusal to grant or to continue assistance under such program or activity to any recipient as to whom there has been an express finding on the record, after opportunity for hearing, of a failure to comply with such requirement, but such termination or refusal shall be limited to the particular political entity, or part thereof, or other recipient as to whom such a finding has been made, and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found, or (2) by any other means authorized by law . . . .
 
 
 [3]
 45 C.F.R. § 86.51 provides in pertinent part:
 (a) General. (1) No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination in employment, or recruitment, consideration, or selection therefor, whether full-time or part-time, under any education program or activity operated by a recipient which receives or benefits from Federal financial assistance.
 
 
 [4]
 These courts, when combined, have invalidated 45 C.F.R. §§ 86.57(c), 86.51(a), 86.51(b)(3), and 86.54
 
 
 [5]
 The Supreme Court recently held that there is an implied private right of action under Title IX, but did not discuss whether employees are protected under that statute. Cannon v. University of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). Cannon involved an applicant for admission to medical school who alleged that she was denied admission because of her sex
 
 
 [6]
 This court has recognized that ". . . HEW must have substantial latitude in scrutinizing policies and practices of the institution that may have a discriminatory impact on the intended beneficiaries of assistance." United States v. El Camino Community College District, 600 F.2d 1258, 1260 (9th Cir.), cert. denied, 444 U.S. 1013, 100 S.Ct. 661, 62 L.Ed.2d 642 (1979). In that case, HEW sued to compel a college to supply information about its work force pursuant to regulations (45 C.F.R. § 80) promulgated under Title VI. On appeal, the college argued that the regulations were in excess of statutory authority because they authorize the agency to investigate activities which do not receive federal assistance. The court did not reach the issue because the college had not raised the argument in the district court, but the court noted the necessity for latitude in investigatory regulations. The regulation primarily at issue there (45 C.F.R. § 80.4(d)) requires every applicant for federal financial assistance to execute an assurance of compliance with HEW regulations, and imposes an open-file examination of the applicant's records and programs. The regulation is applicable to the entire institution unless the institution establishes that some of its practices in no way affect its practices in the program for which federal aid is sought or the beneficiaries of such programs. No such "nexus" is provided in the regulations at issue here. The regulations at issue here prohibit sex discrimination in employment without requiring that any discriminatory effect on students as a result of the discrimination against the employees first be shown, as is required by the "infection" cases relating to racial discrimination in the schools and relied on by HEW: United States v. Jefferson County Board of Education, 372 F.2d 836 (5th Cir. 1966), cert. denied sub nom. Caddo Parish School Board v. United States, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967); and Board of Public Instruction of Taylor County v. Finch, 414 F.2d 1068 (5th Cir. 1969)