**DOUGHERTY COUNTY SCHOOL SYSTEM, etc., Plaintiff-Appellee,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendants-Appellants.**

No. 78–3384.

United States Court of Appeals, Fifth Circuit.

July 28, 1980.

Denver L. Rampey, Jr., U. S. Atty., Macon, Ga., Drew S. Days, III, Asst. Atty. Gen., Brian K. Landsberg, Marie E. Klimesz, Attys., Dept. of Justice, Washington, D. C., for defendants-appellants.

C. Richard Langley, Jesse W. Walters, Albany, Ga., for plaintiff-appellee.

Before DYER, RUBIN and POLITZ, Circuit Judges.

---

**9.** See factors (5), (1) and (3) quoted *supra* p. 733, *First Colonial Corp. of America,* 544 F.2d at 1298–99.

**ALVIN B. RUBIN, Circuit Judge:**

The Secretary of Health, Education, and Welfare asserts that Title IX of the Education Amendments of 1972, prohibiting discrimination on the basis of sex in any education program or activity receiving federal financial assistance, authorizes regulations prohibiting sex discrimination in general employment practices by recipients of federal aid.[1] We find that regulations with this breadth exceed the Secretary's authority under Title IX and, therefore, affirm a summary judgment declaring them invalid.

The statute upon which the Secretary relies for authority states in part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . .

20 U.S.C. § 1681(a).

Section 1682 of Title IX authorizes HEW to initiate administrative proceedings to enforce compliance with the statute if it does not obtain voluntary compliance. The primary sanction for noncompliance is termination of federal aid for the program in which there was discrimination. The same section gives HEW the authority to promulgate regulations to effectuate the provisions of § 1681.

Exerting what he conceived to be his authority under the Act, the Secretary promulgated regulations[2] prohibiting any school that receives federal financial assistance from engaging in sexual discrimination in employment practices. The regulations are not limited to employees whose compensation is defrayed in whole or in part by federal assistance or even to those who work in programs receiving federal aid or with students who are federally assisted. Instead, they apply to all employees of the entire school system so long as any program or activity of that school receives any federal assistance.

Following a complaint and an investigation, the Secretary determined that the Dougherty County School System (the School) had violated the regulations by paying a salary supplement to industrial arts teachers but not to home economics teachers. When HEW notified the School that all federal funding for new activities for elementary and secondary education was being deferred, the School sued for injunctive and declaratory relief, arguing that the regulations were invalid. On motion for summary judgment, the trial judge held that the statute permits regulation only of discriminatory actions affecting students, not of policies affecting employees, and HEW appealed. Four circuit courts have reached the same conclusion.[3] We agree

---

1. All functions of HEW relating to Title IX have been transferred to the Department of Education. 20 U.S.C. § 1681 (Supp. 1980).

2. The regulations at issue in this case state:
   § 86.51 Employment.
   (a) *General.* (1) No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination in employment, or recruitment, consideration, or selection therefor, whether full-time or part-time, under any *education program or activity operated by a recipient which receives or benefits from Federal financial assistance.*
   \* \* \* \* \* \*
   (b) *Application.* The provisions of this subpart apply to:
   \* \* \* \* \* \*
   (3) Rates of pay or any other form of compensation, and changes in compensation;
   45 C.F.R. § 86.51.
   § 86.54 Compensation.

A recipient shall not make or enforce any policy or practice which, on the basis of sex:
(a) Makes distinctions in rates of pay or other compensation;
(b) Results in the payment of wages to employees of one sex at a rate less than that paid to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.
45 C.F.R. § 86.54.

3. *Seattle University v. United States Department of HEW,* 621 F.2d 992 (9th Cir. 1980); *Romeo Community Schools v. United States Department of HEW,* 600 F.2d 581 (6th Cir.), *cert. denied,* 444 U.S. 972, 100 S.Ct. 467, 62 L.Ed.2d 388 (1979); *Junior College District of St. Louis v. Califano,* 597 F.2d 119 (8th Cir.), *cert. denied,* 444 U.S. 972, 100 S.Ct. 467, 62 L.Ed.2d 388 (1979); *Islesboro School Committee v. Califano,* 593 F.2d 424 (1st Cir.), *cert.*

with the district court that the sweeping regulations exceed the Secretary's authority. However, we limit our opinion to the invalidity of the regulations as written, without agreeing with the district court and the four circuit courts that the Secretary's authority is limited to regulation only of policies affecting students.

Courts give great weight to an agency's interpretation of the scope of its enabling statute, but this deference is limited by a court's "obligation to honor the clear meaning of a statute, as revealed by its language, purpose and history." *International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Daniel,* 439 U.S. 551, 566, n.20, 99 S.Ct. 790, 800, n.20, 58 L.Ed.2d 808, 820 (1979). *See also Coca-Cola Co. v. Atchison, Topeka and Santa Fe Railway Company,* 608 F.2d 213, 222 (5th Cir. 1979).

■ Even according great latitude to the Secretary, we cannot find sanction in the statute for his conclusion that any discrimination in an entire school system so taints the system as to permit termination of all federal aid even though federally assisted programs are administered impeccably. The regulations attempt to regulate sex discrimination in employment practices generally rather than in connection with specific programs receiving federal funds. The statute itself indicates that such regulations sweep too broadly. Section 1682 states that a department is authorized "to effectuate the provisions of section 1681 of this title *with respect to such program or activity* by issuing rules, regulations, or orders of gen-

eral applicability which shall be consistent with achievement of the objectives of the statute authorizing the *financial assistance in connection with which the action is taken.*" 20 U.S.C. § 1682 (emphasis added). Further evidence that the regulations must be keyed to a specific program is found in the enforcement provisions. Section 1682 states that termination or refusal of federal funds "shall be limited in its effect to the particular program, or part thereof, *in which such noncompliance has been so found.*" 20 U.S.C. § 1682 (emphasis added).[4]

■ The decision of the trial court and those of the four circuit courts appear to us, like the regulations at issue here, to rest on a rationale so broad that they would inhibit a narrower, yet to us apparently valid, exercise of the Secretary's authority.[5] In this respect, they respond to the issues are presented by the advocates. In typical adversary posture, the parties have taken diametrically opposite positions in each case. The Secretary has contended that the regulations are valid in toto. The schools have argued that the Secretary may regulate only sex discrimination among students. However, a question lurks in the ground between these fortified lines: even if the Secretary may not validly regulate the entire school system, may he regulate with respect to faculty who are paid with federal funds?

■ The statute begins with the words "no person", not with a more limited phrase such as "no student". It protects all who may be "excluded from participation in, be

denied, 444 U.S. 972, 100 S.Ct. 467, 62 L.Ed.2d 387 (1979).

See also University of Toledo v. United States Department of HEW, 464 F.Supp. 693 (N.D. Ohio 1979); Romeo Community Schools v. United States Department of HEW, 438 F.Supp. 1021 (E.D.Mich.1977), aff'd, 600 F.2d 581 (6th Cir.), cert. denied, 444 U.S. 972, 100 S.Ct. 467, 62 L.Ed.2d 388 (1979).

**4.** *Cf. Board of Public Instruction of Taylor County v. Finch,* 414 F.2d 1068 (5th Cir. 1969) (termination of funds under Title VI of the Civil Rights Act must be made on a program-by-program basis).

**5.** Although we disagree with the broad holdings of the other four circuit courts to the effect that only students are protected by Title IX, we agree that HEW exceeded its power in two of those cases. *Romeo Community Schools v. United States Department of HEW,* 600 F.2d 581 (6th Cir.), *cert. denied,* ——— U.S. —— , 100 S.Ct. 467, 62 L.Ed.2d 388 (1979), and *Iselsboro School Committee v. Califano,* 593 F.2d 424 (1st Cir.), *cert. denied,* 444 U.S. 972, 100 S.Ct. 467, 62 L.Ed.2d 387 (1979), dealt with general regulations concerning pregnancy policies. We agree that HEW may not regulate this aspect of employment merely because the employer is a recipient of federal financial assistance.

738

denied the benefits of, or be *subjected to discrimination under*" education programs or activities receiving federal assistance. 20 U.S.C. § 1681 (emphasis supplied). A female teacher whose salary is defrayed by federal funds and who is paid less than a male teacher in the same program is subjected to discrimination under the program. The alleged facts of this case serve as an example. There is evidence that the School receives aid from federal vocational education funds and that a substantial portion of these funds goes toward the salaries of home economics and vocational education teachers. Therefore, if a female home economics teacher receives less pay than a male vocational educational teacher for equal work, she is being "subjected to discrimination under" a program receiving federal financial assistance.

The legislative history also supports an interpretation of the statute that reaches at least some employment practices. The sponsor of the amendments, Senator Bayh, stated in a section entitled "Prohibition of Sex Discrimination in Federally Funded Education Programs":

> This portion of the amendment covers discrimination in all areas where abuse has been mentioned—employment practices for faculty and administrators, scholarship aid, admissions, access to programs within the institution such as vocational education classes, and so forth.

118 Cong.Rec. 5807 (1972).

Therefore, we hold that the Secretary exceeded his authority by enacting general regulations prohibiting sex discrimination in employment without limiting their effect to specific programs that receive federal financial assistance. We AFFIRM the grant of summary judgment declaring the regulations invalid.