James W. McCROCKLIN and the Board of Trustees of Racine College, Plaintiffs-Appellants,

v.

Henry H. FOWLER, in his capacity as Secretary of the Treasury of the United States; William T. Howell, in his capacity as Deputy Treasurer of the United States; and the Treasury Department, Defendants-Appellees.

No. 17155.

United States Court of Appeals Seventh Circuit.

May 19, 1969.

---

Gerald T. Flynn, Racine, Wis., for appellants.

James B. Brennan, U. S. Atty., Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for appellees.

Before KILEY and SWYGERT, Circuit Judges, and HOFFMAN, District Judge.

KILEY, Circuit Judge.

Plaintiff McCrocklin has appealed from a summary judgment dismissing his complaint which seeks an accounting of funds allegedly deposited with the Secretary of the Treasury of the United States as trustee before 1870, and held by him in a statutory sinking fund created by Congress in 1878, for the retirement of certain Pacific railroad construction bonds. The district court decided that the suit filed July 14, 1967, was barred under the doctrines of res judicata and laches. We affirm.

This suit is concerned with bonds allegedly owned by the late United States Senator from Wisconsin, James Durkee, at the time of his death in January, 1870, and allegedly deposited by him in the United States Treasury. He left his estate to his widow Caroline, his sole heir. She died in February, 1911. Her will named the plaintiff Board [1] as residuary legatee. The widow's residuary estate, by virtue of a judgment of a Wisconsin county court in 1911, contained the Durkee bonds. Plaintiff McCrocklin is assignee of 25% of the Board's interest.

After Durkee's death, several suits were filed claiming an interest in the funds allegedly held by the United States, and the mortgaged property allegedly held by the Union Pacific Railroad. In 1914 the Treasury issued a press release stating that attempts were being made to sell shares in the Durkee bond claim, that there was no basis for the claim, and that "money paid for a share * * will be money thrown away." In 1927 certain persons were convicted of mail fraud in connection with promoting the Durkee claim.

The plaintiff Board learned of this alleged claim in 1933, and in 1934 an administrator was appointed to prosecute its claim in connection with Caroline Durkee's estate. In 1938, a successor administrator to prosecute the claim was referred by the Treasury Department to the press release of 1914. A second successor administrator, Foulkes, was appointed in 1945, and from 1947 to 1963 correspondence was exchanged between the administrator and governmental officials requesting assistance in presenting and enforcing the claim.

In 1964 Foulkes, as administrator, filed an action in the United States Court of Claims, naming the United States as defendant, to recover the alleged funds in suit before us. The Court of Claims granted the government's motion for summary judgment on the grounds that the claim was barred by the statute of limitations and laches. Foulkes, Administrator v. United States, 173 Ct.Cl. 1179 (1965), cert. denied, 383 U.S. 944, 86 S.Ct. 1200, 16 L.Ed.2d 207 (1966).

In this court the plaintiffs argue that the district court erred in applying the res judicata doctrine because Foulkes' appointment as administrator was a nullity and plaintiffs cannot be held to be in privity with him; and that the doctrine of laches had no application here, since the statutory trust had no termination or distribution date; that plaintiffs had no knowledge of Foulkes' law suit

---

1. Joined as an involuntary plaintiff under Rule 19(a), Fed.R.Civ.P.

until July, 1967, and did not approve the action; and that the Secretary trustee was required under the statutory trust to seek out and determine who the beneficiaries were and give an accounting, and that it was not the burden of the beneficiaries to seek an accounting to avoid laches.

After hearing oral arguments, examining the record, and studying the briefs filed in this court, and being fully advised, we hold that the district court's decision was correct. We adopt the opinion of the district court written by Judge Myron L. Gordon reported as McCrocklin v. Fowler, 285 F.Supp. 41 (E.D. Wis.1968), and affirm the summary judgment.

Affirmed.