Geraldine G. CANNON, Plaintiff,

v.

UNIVERSITY OF CHICAGO et al., Defendants.

No. 75 C 2402.

United States District Court,
N. D. Illinois, E. D.

Jan. 15, 1976.

William E. Snyder, John M. Cannon and James A. Burstein, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., for plaintiff.

Stuart Bernstein, Michael F. Rosenblum and Susan S. Sher, Mayer, Brown & Platt, Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION

JULIUS J. HOFFMAN, Senior District Judge.

This is an action for declaratory, injunctive and monetary relief brought by Geraldine G. Cannon against the University of Chicago, the admissions officers of the University's Pritzker School of Medicine, the Secretary of Health, Education and Welfare and the Regional Director of HEW's Office of Civil Rights. Alleging that she was denied admission to the entering class of the Pritzker School of Medicine on the basis of her age, sex and lack of an advanced degree. The plaintiff seeks redress under the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Civil Rights Act of 1964, 42 U.S.C. §§ 2000c–6 and 2000c–8, as amended by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., the Public Health Service Act, 42 U.S.C. § 295h–9, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(c). The jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343(4), 1345, 1346, 2201 and 2202, as well as 5 U.S.C. § 1009(a) and (b).

In response to plaintiff's allegations, the University of Chicago and the admissions officers of its medical school have moved to dismiss the amended complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment.

To be actionable under 42 U.S.C. § 1983, the discriminatory conduct of an otherwise private institution must be affirmatively supported by state action. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Lucas v. Wisconsin Electric Power Co.*, 466 F.2d 638 (7th Cir. 1972), *cert. denied*, 409 U.S. 1114, 93 S.Ct. 928, 34 L.Ed.2d 696 (1973).

In an attempt to establish the grounds for the requisite state action, the plaintiff alleges only that the University of Chicago, including the Pritzker School of Medicine, receives state and

federal financial assistance and is conducted under Illinois law, custom and usage. It is settled, however, that the state must be involved in the conduct that caused the injury, *Powe v. Miles*, 407 F.2d 73 (2d Cir. 1968), and neither the receipt of state or federal financial assistance, nor the existence of a detailed scheme of state regulation, will be sufficient to bring defendants' actions within the purview of 42 U.S.C. § 1983 in the absence of a showing that the state significantly participated in the decision to deny plaintiff admission to the medical school. *Cohen v. Illinois Institute of Technology*, 524 F.2d 818 (7th Cir. 1975); *Doe v. Bellin Memorial Hospital*, 479 F.2d 756 (7th Cir. 1973).

The present action is also brought under Title IX of the Education Amendments of 1972, which provides, in part, that:

> "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance . . ." 20 U.S.C. § 1681.

■ The statute also sets forth a scheme of administrative enforcement which, upon filing of a complaint with the Department of Health, Education and Welfare, requires investigation, encourages voluntary compliance, provides an opportunity for an administrative hearing and authorizes termination of financial assistance to an institution that has been found to discriminate in violation of the Act. 20 U.S.C. § 1682. And, while the statute provides for judicial review of agency action, it does not authorize a private right of action against the University.

■ The plaintiff, moreover, appears to misconceive the nature of the remedy available under the statute. For even if the court were to assume that the unavailability of administrative remedies would entitle plaintiff to bring a private action to enforce the statute, as suggested in *Bossier Parish School Board v.* *Lemon*, 370 F.2d 847 (5th Cir. 1967), it is clear that an action to review the University's decision to deny plaintiff admission to its medical school, which also seeks money damages is beyond the scope of the statute. To permit such an expansion of the statutory coverage, which is neither authorized nor consistent with Congressional intent, is unwarranted. *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974).

■ An additional basis for this action is alleged to be the Public Health Service Act, 42 U.S.C. § 295h–9. Although plaintiff concedes that the statute does not provide a specific enforcement procedure under which a private plaintiff may bring an action, she asserts that the cases of *Lau v. Nichols*, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974), and *Bossier Parish School Board v. Lemon, supra*, establish her right to sue as a third-party beneficiary of the contractual assurances against discrimination on the basis of sex given by the University to the Department of Health, Education and Welfare, as a condition for receiving federal financial assistance. Neither of the cases cited, however, support that position.

The third-party beneficiary theory was not raised in *Lau*, and while it was utilized in *Bossier* to confer standing to Negro school children who were refused permission to attend integrated public schools, the court stated that:

> " . . . the key point is that here individuals are suing to enforce a national constitutional right. . . . Contract rights are not involved." 370 F.2d at 851.

The final basis upon which this action is brought involves the Age Discrimination in Employment Act of 1967 which provides, in part, that:

> "[i]t shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age . . ." 29 U.S.C. § 623(b).

The plaintiff contends that the University functions as an employment agency, and is therefore subject to the statutory prohibitions. But the statute defines "employment agency" as

" . . . any person regularly undertaking with or without compensation to procure employees for an employer and includes an agent of such a person . . .", 29 U.S.C. § 630(c),

and has generally been held to include

" . . . only those engaged to a significant degree in that kind of activity as their profession or business." *Brush v. San Francisco Newspaper Printing Co.*, 315 F.Supp. 577, 580 (N.D.Cal.1970), aff'd., 469 F.2d 89 (9th Cir. 1972), cert. denied, 410 U.S. 943, 93 S.Ct. 1369, 35 L.Ed.2d 609; see also *Greenfield v. Field Enterprises*, 4 Fair Employment Practice Cases 548 (N.D. Ill.1972).

■ While the court recognizes the importance of the University's role in assisting medical school graduates to secure employment, its principal function is the education and training of its students, not that of an employment agency as defined by the statute.

Furthermore, assuming that the University is an employment agency, the amended complaint nevertheless fails to allege the requisite age discrimination in connection with employment.

The plaintiff is not seeking employment with the University, but admission to the medical school as a student. And although plaintiff admits that the defendants have not failed to refer her for employment because of her age, she asserts that the alleged discriminatory use of age as a factor in denying her admission to the medical school as a student will lead directly to such a failure to refer her for employment.

The statute, however, was intended to protect older workers who find themselves disadvantaged in their efforts to retain, or regain employment after being displaced from their jobs. 29 U.S.C. § 621. The adoption of plaintiff's suggestion that the conduct of the defendants will have some future impact on her ability to obtain employment would, on the contrary, expand the statutory coverage to include the actions of every educational institution from which students are prepared to enter directly into the job market, as well as those whose programs are considered to be prerequisites to further study. Such an interpretation of the Act is clearly beyond the Congressional intent.

Accordingly, the motion of the University of Chicago, Leon O. Jacobson and Joseph J. Ceithaml to dismiss the amended and supplemental complaint will be allowed.

■ As to the remaining allegations directed against the Secretary and Regional Director of the Department of Health, Education and Welfare, it is well settled that available administrative remedies must be exhausted before judicial review of agency action is sought. See, e. g. *Borden v. FTC*, 495 F.2d 785 (7th Cir. 1974).

■ But despite plaintiff's contention that such administrative remedies are, in fact, unavailable because of the Secretary's failure to act on her complaint, it is the opinion of the court that mere delay in acting, particularly in view of the letter furnished to the court by plaintiff's counsel which indicates that an administrative investigation of the matter has been scheduled, does not justify bypassing the administrative procedure set forth in the statute.

Accordingly, the amended and supplemental complaint will be dismissed, sua sponte, as to David Matthews and Kenneth A. Mines, in their official capacities as Secretary and Regional Director of the Department of Health, Education and Welfare.