Cheryl Lynn JONES, by and through
Paula Kay Jones, her mother and
next friend, Plaintiff,

v.

OKLAHOMA SECONDARY SCHOOL
ACTIVITIES ASSOCIATION (OS-
SAA), et al., Defendants,

and

Brenda Benson, by and through Donald
L. Benson, her father and next friend,
et al., Intervenors.

No. CIV–77–0477–T.

United States District Court,
W. D. Oklahoma.

Aug. 31, 1977.

**152**

James D. Fellers and K. Nicholas Wilson, Fellers, Snider, Blankenship & Bailey, Oklahoma City, Okl., for defendants OSSAA, White, Agee, Eubanks, McDonnald, LaGrone, Garner, Muse, Robberson, Roberts, Hull.

Eric J. Groves, Oklahoma City, Okl., for defendants Oklahoma City Public Schools, Independent School District # 89 of Oklahoma County, State of Oklahoma, Potts, Start, Hill, English, Williams, Brown, Donwurth, Smith, Francis.

C. D. Curtis, Curtis & McCue, Fairview, Okl., Donald L. Benson, Morford, Benson & Gruber, Alva, Okl., William R. Burkett and William P. Warden, Linn, Helms, Kirk & Burkett, Oklahoma City, Okl., for intervenors Benson, Curtis & Clements.

Sylvia Marks-Barnett of American Civil Liberties Union of Okla., Oklahoma City, Okl., for plaintiff.

## MEMORANDUM OPINION

RALPH G. THOMPSON, District Judge.

### Complaint

Plaintiff, Cheryl Lynn Jones, is a junior student at Northeast High School, Oklahoma City, Oklahoma, where she plays the position of guard on the girls' basketball team. The crux of plaintiff's complaint is Oklahoma Secondary School Activities Association (OSSAA) rules concerning basketball. The girls' game is substantially different from the boys' game in Oklahoma; those differences of which plaintiff complains are: (1) each player plays only one-half the basketball court; (2) each player plays only guard or forward; (3) the team consists of six players rather than five. (There are further differences, with which plaintiff takes no issue, e. g., two minute rather than three minute overtime periods, seven minute rather than eight minute quarters.)

Plaintiff brings her claim under 28 U.S.C. § 1343(3, 4); 42 U.S.C. § 1983; 20 U.S.C. § 1681, et seq.; and United States Constitution, Fourteenth Amendment.

Plaintiff asks for a temporary and permanent injunction requiring full court rules, and damages, claiming that the arbitrary and unreasonable distinction between girls' and boys' basketball rules deprives her of equal protection of the laws. More particularly, plaintiff's complaint alleges that she is denied the full pleasure of the game; she is never able to set up plays, or make a fast break, or participate in the full strategy of the game; she is denied the continuous action and consequent physical development of the full court game; she is acquiring skills she will not be able to use; her future as a basketball player, in college, professional, amateur, and olympic basketball is being seriously hampered by the continued use of girls' rules.

### Parties

Defendants in this case are the OSSAA, its executive secretary and members of its board of directors, the Oklahoma City Public Schools and the members of its board of

education, its superintendent and athletic director. OSSAA is a voluntary association of public secondary schools in Oklahoma, many, if not all, of which are tax supported. OSSAA promulgates rules for participation in interscholastic athletics and activities, as well as performing various other functions. Defendants have answered, denying specifically and generally plaintiff's allegations.

Intervenors on behalf of defendants are 1209 high school girls' basketball players who claim an interest in seeing the plaintiff's claim defeated. Intervenors have answered denying plaintiff's allegations and further objecting that the complaint fails to state a claim upon which relief can be granted, that the Court lacks jurisdiction of the subject matter, and that plaintiff has failed to join necessary parties.

Motions to intervene on behalf of defendants by the Oklahoma High School Girls' Basketball Coaches Association and the Oklahoma Association of School Administrators have been denied, in that their interests are adequately represented.

### Pending Motions

The case is now before the Court upon Intervenors' Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion for Judgment on the Pleadings; and defendants' Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted or, in the alternative, for Summary Judgment. Plaintiff has also filed a Motion for Summary Judgment. Exhaustive briefs and affidavits have been filed on behalf of all parties, and the case is ripe for decision.

## I. JURISDICTION

### Title IX

■ 20 U.S.C. §§ 1681, et seq., (hereinafter Title IX) provides in substance that, with certain exceptions, no persons shall, on the basis of sex, "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." On the strength of section 1681 standing alone, plaintiff might well fall within the purview of the act; however, the question is irrelevant, as following sections provide an elaborate system of administrative enforcement and judicial review. It has been held that no private right of action is authorized under these sections. *Cannon v. University of Chicago*, 406 F.Supp. 1257 (N.D.Ill.1976), aff'd 559 F.2d 1063. It is urged by plaintiff that the inclusion of administrative remedies is not necessarily the exclusion of private actions, first because private actions are not specifically proscribed in the act, and second, because congressional intent in enacting the legislation would best be served by allowing a private remedy. The Court neither accepts nor rejects these arguments. If plaintiff *does* have a private remedy under Title IX, it is only after she has exhausted her administrative remedies. *Cape v. Tennessee Secondary School Athletic Association*, 424 F.Supp. 732 (E.D.Tenn.1976). Since plaintiff has not exhausted nor even begun the process of administrative review authorized by 20 U.S.C. § 1682, she cannot avail herself of section 1681.

Plaintiff also contends that even if she is not allowed a private remedy under Title IX, it is still a "law" under which she has been denied equal protection, thus adding a substantive dimension to a section 1983 lawsuit. It is, at best, illogical that claiming a cause of action under section 1983 rather than Title IX will relieve plaintiff of exhausting her administrative remedy as required by Title IX. Plaintiff's argument on this point is without merit.

### Section 1983

■ 42 U.S.C. § 1983 authorizes a right to relief for a person subjected to "the deprivation of any rights, privileges, or immunity secured by the Constitution and laws" by a person acting under color of any statute, ordinance, regulation, custom, or usage of any state. 28 U.S.C. § 1343 gives this Court jurisdiction to hear a section 1983 lawsuit. It is well established that actions of a high school athletic association are under color of state law. *Brenden v. Independent School District 742*, 477 F.2d 1292

(8th Cir. 1973); *Oklahoma High School Athletic Association v. Bray*, 321 F.2d 269 (10th Cir. 1963). As discussed above, Title IX is not a "law" for purposes of this section, therefore, plaintiff's § 1983 claim must succeed or fail on her constitutional argument.

## II. CONSTITUTIONAL ARGUMENT

### Equal Educational Opportunity

In support of her constitutional claim, plaintiff returns repeatedly to the language of *Brown v. Board of Education of Topeka*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), most particularly:

"Today, education is perhaps the most important function of state and local governments. Compulsory school attendance laws and the great expenditures for education both demonstrate our recognition of the importance of education to our democratic society. It is required in the performance of our most basic public responsibilities, even service in the armed forces. It is the very foundation of good citizenship. Today it is a principal instrument in awakening the child to cultural values, in preparing him for later professional training, and in helping him to adjust normally to his environment. In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity of an education. *Such an opportunity, where the state has undertaken to provide it, is a right which must be made available to all on equal terms.*" [emphasis added] Id. at 493, 74 S.Ct. at 691.

■ An examination of what the State of Oklahoma has undertaken to provide for students in the way of physical education leads one to Title 70, Oklahoma Statutes, Section 11–103 (Supp.1976) which requires a program of physical education in grades 1–6 of at least 75 minutes per week exclusive of recess. Physical education is to be provided on an *elective* basis, 150 minutes per week, from the 7th to the 12th grades. Undoubtedly, all schools differ in the elective physical education opportunities they offer. Students in larger schools, with swimming pools and tennis courts, e. g., obviously are given opportunities and benefits that students in smaller schools are not. Students in rural schools, with small student populations, cannot participate in sports requiring many players to make up a team, e. g., football. These students are denied opportunities and benefits by a characteristic determined by the fortuity of their place of residence during school years, yet it is illogical to conclude that they have an equal educational opportunity argument that their school be required to build a swimming pool, or import students to make up a football team, because they, like plaintiff, are denied an opportunity to form athletic skills equal to those of students in other schools in the state. The decision in *Brown v. Board of Education of Topeka*, supra, cannot and must not be stretched to such lengths as to require *every* program, *every* rule, *every* facility and *every* policy in *every* school to be the same. In Oklahoma, girls are treated on a par with boys insofar as a *program* for interscholastic basketball is concerned. Indeed, the affidavit of Claude E. White, executive secretary of defendant OSSAA, states the belief that *all* secondary schools in Oklahoma will have a girls' basketball team during the coming school year. Thus the educational opportunity offered by the State of Oklahoma in its interscholastic basketball is available to all, and the purposes of the *Brown* decision are satisfied.

### Equal Protection

The Fourteenth Amendment to the United States Constitution reads:

"No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."

Plaintiff is urging the Court to recognize that the State of Oklahoma, through the OSSAA, has made a classification solely on the basis of sex, and that she is entitled to bring her claim by virtue of 42 U.S.C. § 1983, and 28 U.S.C. § 1343, to determine whether this classification is an unreasonable infringement on her right to equal protection.

■■ In the course of her briefs, plaintiff's position has become crystalized to one basic argument: she is being denied *benefits*, derived from interscholastic competition, that are available to boys. Plaintiff acknowledges that she has no constitutional right to play interscholastic sports. *Albach v. Odle*, 531 F.2d 983 (10th Cir. 1976); *Mitchell v. Louisiana High School Athletic Association*, 430 F.2d 1155 (5th Cir. 1970); *Bucha v. Illinois High School Association*, 351 F.Supp. 69 (N.D.Ill.1972); *Paschal v. Perdue*, 320 F.Supp. 1274 (S.D.Fla.1970). She acknowledges she has no right under the equal protection clause to complain of disparate treatment between herself and girls in other states. *Gurley v. Rhoden*, 421 U.S. 200, 95 S.Ct. 1605, 44 L.Ed.2d 110 (1975). She acknowledges that she has no complaint against the basketball rules for girls as they apply to guards as opposed to forwards. *Oklahoma High School Athletic Association v. Bray*, supra. Plaintiff asserts no claim of a right to play on a co-educational basketball team. *Brenden v. Independent School District 742*, supra; *Gilpin v. Kansas State High School Activities Association, Inc.*, 377 F.Supp. 1233 (D.Kan. 1973); *Reed v. Nebraska School Activities Association*, 341 F.Supp. 258 (D.Neb.1972).

■ Plaintiff's complaint itself, when reduced to its *practical* dimensions, falls within the ambit of classifications plaintiff herself acknowledges do not constitute constitutional violations. The allegations of reduced opportunity to compete in amateur, professional and olympic basketball, and the reduced opportunity for a college basketball scholarship, simply do not rise to equal protection arguments. Plaintiff does not compete against Oklahoma boys in such pursuits, but rather against girls from Oklahoma and other states. The application of rules different from those applying to boys' basketball is not the cause of the injury complained of in this regard. The equal protection clause requires equal treatment of persons subject to a state's laws; disparate treatment, or disadvantage, with respect to women from some *other* state fails to present a claim under the equal protection clause. *Gurley v. Rhoden*, supra.

■ Much of the rest of plaintiff's allegations of injury, e. g., learning unusable skills and being denied the opportunity to plan strategy, could be measurably remedied simply by changing her position from guard to forward. This is clearly not within the scope of the purpose of the federal judiciary and does not merit the attention of the Court. It is sufficient to say that the Court will not recognize a violation of constitutional rights when based upon an athlete's assigned position on a team or when an athlete disagrees with his/her coach.

■ The remaining "benefit" which plaintiff complains is being denied her by the distinction in boys' and girls' rules is the pleasure of the full court game and consequent physical development.

As plaintiff points out, the essential elements of stating a claim under 42 U.S.C. § 1983 are that:

"(1) The conduct complained of was by a person acting under color of state law; (2) the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or Laws of the United States." *Harbert v. Rapp*, 415 F.Supp. 83, 86 (W.D.Okl.1976).

The initial requirement of a section 1983 action is, however, that it must exist not in mere form, but in substance. The Court agrees with intervenors' contention that plaintiff seeks to equate a difference in the rules by which an elective game is played by some students for a part of the school year, with the "fundamental values of freedom of speech and inquiry and of belief," *Epperson v. Arkansas*, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228 (1968); the right to equal education, *Brown v. Board of Education of Topeka*, supra; unequal treatment of male and female Army officers, *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); denial of any comparable noncontact athletic program to one sex, *Gilpin v. Kansas State High School Activities Association, Inc.*, supra; freedom of association, *Shelton v. Tucker*, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d

231 (1960); and freedom of speech, *Keyishian v. Board of Regents*, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). The Court further agrees that in so doing, plaintiff seeks to make the case something that it is not: one in which a federal constitutional question exists "not in mere form, but in substance, and not in mere assertion, but in essence and effect," *Cuyahoga River Power Company v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397, 40 S.Ct. 404, 408, 64 L.Ed. 626 (1920); *Freeman v. Flake*, 448 F.2d 258, 261 (10th Cir. 1971), cert. denied, 405 U.S. 1032, 92 S.Ct. 1292, 31 L.Ed.2d 489 (1972), and one which "directly and sharply implicate[s] basic constitutional values," *Epperson v. Arkansas*, supra, 393 U.S., at 104, 89 S.Ct., at 270. The plaintiff's complaint fails to surmount this hurdle.

A case relied on by plaintiff is *Cape v. Tennessee Secondary School Athletic Association*, supra. The facts are virtually identical to the case at bar. The district court in *Cape* held that plaintiff and the members of her class had been denied equal protection by the dissimilar rules for girls' and boys' basketball in that the classification bore no rational relationship to a legitimate state objective. This Court has carefully considered the opinion in *Cape*, but simply does not concur in it, and respectfully disagrees, based in a large part on language found within the *Cape* opinion itself.

> "There are strong policy reasons supporting noninterference with State classifications that result in little harm or burden to the disfavored class. When the harm or injury suffered by a plaintiff is truly slight or a trifle, i. e., *de minimus*, some courts have declined to provide a legal remedy, even though the challenged state classification constitutes a technical violation of the law." Id. at 742.

Although the Court in *Cape* found that plaintiff's injury was not *de minimus* but substantial, this Court reaches the contrary conclusion. As discussed above, plaintiff's only real complaint is the denial of the pleasure and consequent physical develop-ment of the full court game of basketball. Surely this cannot rise to the deprivation of a constitutional right simply because it is the schools who are offering the basketball program. It is an elective activity, after all, and one which schools may or may not choose to offer.

There are, or should be, sensible limits to the extent courts will go in characterizing as real and substantial deprivations of constitutional rights the myriad of asserted complaints and grievances being brought before them.

Plaintiff's complaint does not constitute such a denial and even if it did on a technical basis, her injury is *de minimus*.

■ The present rules of which plaintiff complains may well be out of step with other states' rules and may not be in the best interests of the high school girls who play basketball in Oklahoma. However, absent a substantial deprivation of a constitutional right, such a policy decision is best left to the judgment of those who play, coach, and administer interscholastic basketball, and not the federal court.

In sum, the Court holds that plaintiff is not entitled to relief under 20 U.S.C. § 1681, as, even if she were allowed a private remedy under this section (which question the Court expressly reserves until it is presented), she has not exhausted her administrative remedies. Her section 1983 claim requires the denial of a right, privilege, or immunity secured by the Constitution, in this case the equal protection clause of the Fourteenth Amendment. The claim presented by plaintiff raises no substantial constitutional question. The Court, being satisfied that there are no material issues of fact to be resolved, find this case fails to state a substantial constitutional complaint and grants defendants' Motion for Summary Judgment. Intervenors' Motion for Judgment on the Pleadings will be treated as a Motion for Summary Judgment as allowed by Rule 12(c), Federal Rules of Civil Procedure, and will also be granted.

Plaintiff's Motion for Summary Judgment is denied.

Judgment for all defendants will therefore be entered this 31st day of August, 1977.