**Geraldine G. CANNON, Plaintiff,**

v.

**LOYOLA UNIVERSITY OF CHICAGO; Northwestern Unviersity; Rush Presbyterian-St. Lukes Medical Center; Southern Illinois University; University of Health Sciences/The Chicago Medical School; The University of Chicago; and The Board of Trustees of the University of Illinois, Defendants.**

**No. 84 C 8063.**

United States District Court, N.D. Illinois, E.D.

Feb. 26, 1985.

---

John Cannon, Chicago, Ill., for plaintiff.

Stuart Bernstein, Susan S. Sher, Robert T. Zielinski, Mayer, Brown & Platt, Barney Ira Cohen, Max D. Brown, Eric A. Oesterle, William T. Barker, Kirk R. Ruthenberg, Sonnenschein, Carlin, Nath & Rosenthal, Nina G. Stillman, Allan Lapidus, Vedder, Price, Kaufman & Kammholz, James T. Otis, Robert E. Arroyo, Keck, Mahin & Cate, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Geraldine Cannon wants to be a physician. She applied ten years ago to seven Illinois medical schools, and each of them rejected her. Still determined to become a doctor, Cannon sued all of these schools in federal court to gain admission. Her ten-year journey through the federal judiciary has taken her through several district courts, the Seventh Circuit and the Supreme Court. Every suit she brought was ultimately dismissed for one reason or another. Cannon is here again. This time she has sued all seven medical schools in one action, alleging different theories of recovery than before, but alleging the same underlying facts as before. The seven defendants, experiencing *deja vu,* have moved to dismiss the case under the doctrine of *res judicata.* For the reasons spelled out below, we grant the motions to dismiss.

### I.

The undisputed history of Cannon's quest has been detailed in earlier opinions. 559 F.2d 1063 (7th Cir.1976); 710 F.2d 351 (7th Cir.1983). We will only summarize this history here.

In late 1974 Cannon applied for admission to the 1975 entering class of every medical school in Illinois, each of which is a named defendant in this suit. Every school rejected her application. She was a 39-year old nurse at the time. As a matter of policy, each of these schools either rejected or disfavored applicants over 30.

In the summer of 1975, Cannon sued two of these schools, the University of Chicago ("Chicago"), No. 75 C 2724, and Northwestern University ("Northwestern"), No. 75 C 2402. She alleged, among other things, sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.,* age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* and violations of constitutional rights under 42 U.S.C. § 1983. Her theory was that the school's age criteria exerted a disparate impact on women applicants, who were more likely to be older than male applicants because of decisions to bear and raise children.[1] The district court dismissed the complaint for failure to state a claim upon which relief could be granted. 406 F.Supp. 1257 (N.D.Ill.1976) (Hoffman, J.) The most relevant part of the decision was that Title IX contained no private right of action.[2] 406 F.Supp. at 1259. The Seventh Circuit affirmed. 559 F.2d 1063 (1976). The Supreme Court reversed, holding that Title IX created an implied right of action. 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). The case was remanded for consideration of the Title IX claim only. In an oral order dated May 23, 1980, the district court again dismissed the case under Fed. R.Civ.P. 12(b)(6), this time holding that Title IX redresses intentional sex discrimination only, and that Cannon had failed to state a claim of intentional discrimination. The Seventh Circuit affirmed, 648 F.2d 1104 (1981), and the Supreme Court denied

---

1. If Cannon were rejected because of age today, she might not have had to use this indirect sex discrimination theory. In late 1975, Congress passed the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101–07, which became effective in 1979, when the Department of Health, Education & Welfare passed interpretative regulations. These regulations stated that medical schools could not base admissions decisions on

age. *See Cannon v. University of Health Sciences/The Chicago Medical School.* 710 F.2d 351, 354 (7th Cir.1983).

2. The court also held that the schools were not "employers" under the Age Discrimination in Employment Act, and that no state action supported the § 1983 claim.

certiorari. 460 U.S. 1013, 103 S.Ct. 1254, 75 L.Ed.2d 482 (1983). Her avenues of appeal exhausted, Cannon returned to the district court to seek post-judgment relief under Fed.R.Civ.P. 60. This Court[3] denied her motion. She did not appeal.

Cannon sued the remaining five schools in one action filed on November 29, 1979. No. 79 C 5009. She sought monetary and injunctive relief under Title IX and also sued the two state universities under 42 U.S.C. § 1983. She had no better luck with this suit. On October 13, 1981, Judge Robson dismissed the complaint for failure to state a claim. The Court held that the doctrine of laches barred the suit as to all defendants except Chicago Medical School ("Chicago-Med"), which had not posed the defense. Leave was granted to file an amended complaint against Chicago-Med, but leave to amend was denied as to the other defendants. On June 15, 1982, Judge Robson modified the earlier order. Chicago-Med, too, was dismissed because of laches. The dismissal of the two state schools, University of Illinois ("Illinois") and Southern Illinois University ("SIU"), was vacated, but summary judgment was entered in favor of those two schools on the grounds of mootness. The Seventh Circuit affirmed, but on the grounds of laches as to all five schools. 710 F.2d 351 (7th Cir. 1983). Cannon's petition for a rehearing was denied, and she did not seek a writ of certiorari.

Cannon filed this suit on September 18, 1984, joining all seven schools as defendants. The material facts in the complaint are the same as those in the earlier cases: she challenges her rejections as being sex discrimination because of the age criteria. Cannon's legal theories now differ somewhat. The complaint contains two "counts," which both allege contract theories. Count I alleges that when Cannon applied to each of the schools and filed her application fee, she had contracted with them that they would consider her application according to their written policies, unless those policies violated public policy. Each defendant allegedly breached the contract by relying on the age criteria, which violated public policy.

Count II rests on a third-party beneficiary theory. Allegedly, when the federal government gave money to each school, each school agreed to comply with Title IX. Applicants for admission, including Cannon, were allegedly third party beneficiaries of this "contract." Each school breached its contract with the government when it allegedly violated Title IX in denying Cannon admission.

Cannon seeks injunctive relief and damages. The defendants have moved to dismiss, raising the defense of *res judicata.*

## II.

Before addressing the *res judicata* issue, we briefly discuss a threshold question concerning the Court's subject matter jurisdiction. Although neither side questioned our jurisdiction, it is of course proper, indeed required, that the Court raise any questions going to our jurisdiction over the case.

It appears that the well-pleaded complaint states two state law claims for breach of contract. While the causes of action are apparently grounded in state law,[4] the contract theories will inevitably depend on an interpretation of federal law, that is, whether "public policy," as expressed in Title IX, was offended by Cannon's rejection. Cannon alleges in her complaint that the suit "arises under" Title IX, thus giving this Court jurisdiction under 28

---

3. The case was reassigned to this Court after Judge Hoffman retired.

4. Conceivably, the third-party beneficiary claim is grounded in a federal common law of contract, since the government was a "party" to the alleged contract, with significant interests at stake. *Cf. United States v. Little Lake Misere*

*Land Co., Inc.,* 412 U.S. 580, 591–94, 93 S.Ct. 2389, 2396–98, 37 L.Ed.2d 187 (1973); *Clearfield Trust Co. v. United States,* 318 U.S. 363, 63 S.Ct. 573, 63 S.Ct. 573, 87 L.Ed. 838 (1943). This consideration is not relevant in light of our decision below not to decide the jurisdictional issue finally.

U.S.C. § 1331.[5] Our threshold question, then, is whether Cannon's contract claims do in fact "arise under" Title IX. This question is not simple, since the doctrine interpreting the meaning of "arising under" is a quagmire, to say the least. *See generally* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*, § 3562 (1984).

Because state law creates Cannon's causes of action, her complaint fails Justice Holmes' threshold test that "a suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). But Justice Holmes' test defines cases which clearly fall within federal jurisdiction, it does not necessarily describe which cases are outside. *See, e.g., Franchise Tax Bd. v. Construction Laborers*, 463 U.S. 1, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). A case may "arise under" federal law where the well-pleaded complaint reveals that the "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id.* at 9, 103 S.Ct. at 2846, *citing Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.C. 243, 65 L.Ed. 577 (1921); *see also T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 827 (2d Cir.1964). Cannon's complaint appears to satisfy this "pivotal federal question" test, since her right to relief would necessarily turn on a construction of Title IX, and perhaps other federal policies.

However, it is not enough to allege a "federal question." A plaintiff must allege a "substantial" federal question in order to invoke the court's subject matter jurisdiction. *See, e.g., Molina-Crespo v. Califano*, 583 F.2d 572, 573–74 (1st Cir. 1978); Wright, Miller and Cooper, § 3564 at 66. To be insubstantial, a federal claim must be "obviously without merit" or clearly foreclosed by prior Supreme Court precedent, "leaving no room for the inference that the question sought to be raised can be the subject of controversy." *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974) (quotations omitted); Wright, Miller & Cooper, § 3564 at 67–70. This test for dismissal is rigorous; if the claim is at all plausible, jurisdiction exists. *See* Wright, Miller & Cooper, *supra* at 70–71.

The "federal question" in this case, like that in Cannon's earlier suits, appears to be whether defendants' conduct violated Title IX. The Seventh Circuit has already squarely held that it did not. 648 F.2d at 1106–09. In so holding, the Court drew upon Supreme Court precedent that interpretation of Title IX depends upon interpretation of Title VI, and that the latter statute reaches only claims of intentional discrimination. The Court concluded that the Supreme Court would hold that Title IX as well does not reach intentional discrimination. *Id.* at 1109. In this suit, as in the earlier one, Cannon has alleged only an unintentional violation of Title IX. Therefore, an argument can be made that her claim is either wholly meritless or clearly foreclosed by controlling law.

However, we do not finally resolve this jurisdictional question. Because the Supreme Court has not ruled directly on the Title IX issue, and because the "insubstantiality" test is very rigorous, we are reluctant to hold, *sua sponte*, that we lack jurisdiction. But in light of our holding below that the case is *res judicata*, we need not ask the parties to brief the jurisdictional issue.

### III.

The doctrine of *res judicata*, or "claim preclusion," has three elements. The defendants must show that (1) the parties to this suit are the same or in

---

5. Cannon also alleges jurisdiction under 28 U.S.C. §§ 1343(4), 2201 and 2202. These additional statutes do not change the focus of the analysis below. With the elimination of the amount in controversy requirement from § 1331, § 1343(4) essentially overlaps that section. Sections 2201 and 2202, the Declaratory Judgment Act, are procedural only. It expands the range of remedies without extending jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950).

privity with those to the earlier suit; (2) this suit alleges the same cause of action as the earlier suit did; (3) a court of competent jurisdiction entered a valid final judgment on the merits in the earlier suit. *See, e.g., Federated Dept. Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981); *Mandarino v. Pollard,* 718 F.2d 845, 849 (7th Cir.1983), *cert. denied,* — U.S. —, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). The parties agree that the first two requirements are met. The parties to this suit are obviously identical to those in the earlier suits. Moreover, the present complaint is based on identical facts as the earlier one. While the theories of relief differ slightly, that does not matter for *res judicata* purposes, since Cannon could have alleged the contract theories in the earlier suit. *See, e.g. Mandarino,* 718 F.2d at 849–50. The only dispute is whether the judgments operated as adjudications on the merits.

Fed.R.Civ.P. 41(b) provides the starting point for that analysis:

> Unless the court in its order of dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

It is clear from this Rule that a case need not go to full trial to be "on the merits" and thus have preclusive effect. But we cannot simply conclude from the Rule that the Rule 12(b)(6) dismissals in the earlier cases were necessarily "on the merits." Mere reliance on the literal language of Rule 41(b) is improper; the Rule's list of adjudications that are not on the merits is not exclusive. *See Rinehart v. Locke,* 454 F.2d 313, 314–15 (7th Cir.1971). General preclusion principles should control our analysis. *Id.* These principles dictate that in general a dismissal for failure to state a claim under Rule 12(b)(6) operates as an

adjudication "on the merits," even though only the pleadings have been examined in dismissing the case. *See Federated Dept. Stores,* 452 U.S. at 399 n. 3, 101 S.Ct. at 2428; *Bell v. Hood,* 327 U.S. 678, 681–82; 66 S.Ct. 773, 775–76, 90 L.Ed. 939 (1946); *Mandarino,* 718 F.2d at 849 (state court judgment on pleadings is preclusive); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 4439 (1981) at 354–62. While courts used to distinguish dismissals for defective pleading from dismissals which go to the merits of a well-pleaded complaint, *see* Wright, Miller & Cooper at 354–57, that distinction generally has been discarded in light of modern rules which allow liberal amendments in the first suit. *Id.* at 357–58.

These standards lead us to hold that Cannon's original suits against Chicago and Northwestern preclude her attempt to sue those parties in this case. That case was dismissed because she had not and could not allege intentional discrimination under Title IX. The dismissal for failure to state a claim was affirmed, and post-judgment relief was denied. She cannot successfully dress the same cause of action in contract clothing in this suit.[6]

Cannon's main argument rests on a clever, but meritless, syllogism. Jurisdiction in the earlier suit was based on 28 U.S.C. § 1343(4), which states in part that federal courts have jurisdiction "of any civil action authorized by law ... [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." Cannon contends that because the earlier suit was dismissed for failure to state a claim under Title IX, it was no longer a "civil action authorized by law," thereby depriving the court of jurisdiction under § 1343(4). Thus, concludes Cannon, the dismissal in the earlier suit was for lack of jurisdiction and not entitled to preclusive effect. This argument is flawed. Its logic converts every dismissal for failure to state a claim under

---

**6.** Even if *res judicata* did not apply, it is likely that collateral estoppel, or "issue preclusion," would prevent Cannon from relitigating the question whether defendants' conduct violated Title IX. We need not reach this question, however.

federal civil rights law into a dismissal for lack of jurisdiction. It converts many motions under Rule 12(b)(6) into ones under Rule 12(b)(1). Finally, it ignores Supreme Court statements that dismissals for failure to state a federal claim are not jurisdictional and are preclusive. *Federated Dept. Stores*, 452 U.S. at 399 n. 3, 101 S.Ct. at 2428; *Bell v. Hood*, 327 U.S. at 681–82; 66 S.Ct. at 775–76. *Costello v. United States*, 365 U.S. 265, 285–86, 81 S.Ct. 534–544–46, 5 L.Ed.2d 551 (1960), relied upon by Cannon does not suggest a contrary result. At most, *Costello* holds that a dismissal based on a plaintiff's "failure to comply with a precondition requisite to the Court's going forward to ... the merits" may not be preclusive under Rule 41(b). Cannon's earlier suits involved no issue about her compliance with "preconditions." Thus, *Costello* is irrelevant here, and certainly does not weaken the force of the general rule that a Rule 12(b)(6) dismissal is "on the merits."

 Similarly, the previous dismissal of the remaining parties precludes Cannon's attempt to sue them in this case. As noted earlier, the Seventh Circuit ultimately premised the dismissal on laches as to all parties. An appellate decision may have preclusive effect, even if resting on different grounds than the lower court decision. 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice*, ¶ 0.416[2] (1984) at 518. Dismissals based on laches or the running of a statute of limitations preclude a second action based on the same claim brought in the same system of courts. *McCrocklin v. Fowler*, 285 F.Supp. 41 (E.D.Wis.1968) (laches), *aff'd on opinion below*, 411 F.2d 580 (7th Cir.1969); *see also Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1330–31 n. 3 (9th Cir.1981) (limitations); *Myers v. Bull*, 599 F.2d 863, 865 (8th Cir.1979) (per curiam) (limitations), *cert. denied*, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979); *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir.1972) (per curiam) (limitations), *cert. denied*, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972); Wright, Miller & Cooper, § 4441 at 366. Although the present claim is based on a contract theory, with possibly different limitations or laches considerations, it is the same "claim" as the previous one for *res judicata* purposes, and is therefore precluded. *See Nilsen v. City of Moss Point*, 674 F.2d 379, 383 n. 5 (5th Cir.1982), *rev'd on other grounds*, 701 F.2d 556 (5th Cir.1983) (en banc); *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978) (dismissal of employment discrimination claim under short federal time limits precludes later "timely" contract action based on same facts).

In sum, we hold that the doctrine of *res judicata* prevents Cannon from bringing this lawsuit. We have examined Cannon's remaining arguments to the contrary and find that they lack merit.

IV.

The defendants argue that they are entitled to costs and fees incurred in dismissing this complaint, because the complaint was filed in violation of Fed.R.Civ.P. 11. That Rule states:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own

initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper including a reasonable attorney's fee. The defendants assert that the complaint was obviously barred by *res judicata,* and that its filing was frivolous and vexatious. They also point to the history of the original suits against Chicago and Northwestern as indications that Cannon's counsel knew this suit was frivolous. Following the Seventh Circuit's affirmance of Judge Hoffman's dismissal, the Court denied Cannon leave to amend her complaint or to petition the district court for leave to amend. The Supreme Court then denied her petitions for writs of mandamus and certiorari. 454 U.S. 811, 102 S.Ct. 373, 70 L.Ed.2d 197 (1981) (mandamus); 454 U.S. 1128, 102 S.Ct. 981, 71 L.Ed.2d 117 (1981) (certiorari). Back in the district court, Judge Hoffman denied another motion for leave to amend. Cannon went up the appellate ladder again, lost and then moved this Court for relief under Rule 60. We denied the motion. Finally, she filed this suit over a year later.

Attorneys are expected, even required, to represent their clients' interests zealously. But they are also expected to know when to give up on an obviously lost cause. It should have been apparent to Cannon's counsel that Cannon's cause was dead. It should also have been apparent to him that bringing another action on the same facts would be barred by *res judicata,* collateral estoppel or both. We think that upon "reasonable inquiry," counsel would have found that this suit was not "warranted by existing law." Accordingly, we hold under Rule 11 that Cannon's counsel shall pay defendants' costs and attorney's fees incurred from litigating this motion to dismiss. Imposing these sanctions on counsel only is proper under the Rule. *See* Fed.R.Civ.P. 11 (Advisory Committee Notes). Defendants may file a petition for reasonable costs and fees on or before

March 1, 1985. Cannon's counsel may respond on or before March 20, 1985. His response may include an argument that sanctions should not be imposed at all. We give him leave to do so because he did not previously respond to defendants' Rule 11 arguments, even though he submitted two briefs in which he could have done so. Defendants may reply if they so choose on or before April 1, 1985.

V.

Defendants' motions to dismiss are granted. They are further entitled to costs and fees. It is so ordered.