Geraldine G. CANNON, Plaintiff-Appellant,

v.

LOYOLA UNIVERSITY OF CHICAGO, et al., Defendants-Appellees.

No. 85–1987.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 8, 1986.

Decided Feb. 25, 1986.

Rehearing and Rehearing En Banc Denied April 3, 1986.

778

John M. Cannon, Chicago, Ill., for plaintiff-appellant.

Stuart Bernstein, Mayer, Brown & Platt, Chicago, Ill., for defendants-appellees.

Before BAUER, WOOD and COFFEY, Circuit Judges.

BAUER, Circuit Judge.

Plaintiff Geraldine Cannon, ("Mrs. Cannon"), brought suit against seven defendant medical schools claiming that each medical school's denial of her application was a breach of contract because such action was unlawful under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* The district court, 609 F.Supp. 1010, dismissed the complaint, holding that judgments entered against Mrs. Cannon and in favor of the universities in three prior suits constitute a bar to the present action. We affirm the judgment of the district court including its award of attorney fees and costs plus the costs of this appeal to defendants.

I.

Mrs. Cannon applied for admission to the 1975 entering class at each of the defendant medical schools; Loyola University of Chicago; Northwestern University; Rush Presbyterian-St. Lukes Medical Center; Southern Illinois University; University of Health Sciences/The Chicago Medical School; The University of Chicago and The University of Illinois. Each of the schools denied her application. The present appeal marks the plaintiff's thirteenth time she has been before the court to obtain judicial relief from the decisions of the universities not to admit her to medical school ten years ago.

In July of 1975, Mrs. Cannon first brought suits against the University of Chicago ("Chicago") and Northwestern University ("Northwestern"), which were consolidated in the district court and on later appeals. In these actions Mrs. Cannon claimed that Chicago and Northwestern applied an age criterion in rejecting her application that itself violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 626, or that, due to its alleged disparate impact upon women, violated the Civil Rights Act of 1871, 28 U.S.C. § 1983, Title IX and/or Section 799A of the Public Health Service Act 42 U.S.C. 295h–9. The district court dismissed Mrs.

Cannon's complaint because (1) there were no sufficient allegations of state action to support an action under § 1983; (2) no claim upon which relief could be granted could be stated under the ADEA because the universities were neither employers nor employment agencies; and (3) no private right of action existed under Title IX or the Public Health Service Act. We affirmed. Plaintiff sought and was granted a writ of certiorari limited solely to the question of the existence of a private right of action under Title IX. The Supreme Court reversed and remanded the case, holding that a private right of action under Title IX was authorized.

Upon remand, Chicago and Northwestern moved to dismiss the complaints on the ground that they failed to state a claim upon which relief could be granted in that no allegation of "purposeful" discrimination as required by Title IX was set forth. The district court held these motions in abeyance while conducting a six day evidentiary hearing upon Mrs. Cannon's petition for a preliminary injunction. The petition was denied, and we affirmed the denial on April 25, 1980.

On May 23, 1980, the district court granted the universities' motions and dismissed the complaints on the ground that plaintiff failed to state a claim because she failed to allege that the defendants had purposefully discriminated against her because of her sex. We affirmed, holding that a violation of Title IX required purposeful discrimination. Plaintiff then moved for leave to either amend her complaints or to present motions to amend in the district court. We denied the motion. Plaintiff then filed petitions for writs of mandamus and certiorari, both of which were denied by the Supreme Court in 1981.

Mrs. Cannon filed a single suit against the remaining five defendants, Loyola University of Chicago ("Loyola"), Rush-Presbyterian St. Luke's Medical center ("Rush"), University of Health Sciences/Chicago Medical School ("Chicago Medical"), Southern Illinois University ("S.I.U.") and the University of Illinois ("Il-

linois"). As in the earlier suits against Chicago and Northwestern, Mrs. Cannon claimed that these five universities' denial of her medical school application constituted sex discrimination in violation of Title IX. Mrs. Cannon also claimed that each defendant violated the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101–6107, and that S.I.U. and Illinois had violated the Civil Rights Act of 1871, 42 U.S.C. § 1983.

The district court held that no relief against any of the defendant universities could be had under the Age Discrimination Act, as that Act had not yet taken effect at the time her applications were rejected. The district court further held that no monetary relief could be obtained from any of the defendants under Title IX, and that the Eleventh Amendment barred the recovery of monetary relief against S.I.U. and Illinois. The district court entered summary judgment in favor of all five universities, basing those in favor of Rush, Loyola and Chicago Medical on grounds of laches and those in favor of S.I.U. and Illinois on grounds of mootness. We affirmed the judgments in favor of all defendants, but as to those in favor of S.I.U. and Illinois solely on grounds of laches. Mrs. Cannon's present suit, which we now address on appeal, alleges that all seven schools are liable for breach of contract under Title IX.

## II.

■ The dismissal of plaintiff's prior suits against Chicago and Northwestern for failure to state a claim upon which relief could be granted are judgments on the merits and constitute a *res judicata* bar as to those two schools in the action below.

Under the doctrine of *res judicata*, a decision in an earlier action will constitute a complete bar to a later action if (1) the parties to the later suit are the same as or in privity with those in the earlier suit, (2) the later suit alleges the same cause of action as the earlier suit, and (3) a court of competent jurisdiction entered a valid final judgment on the merits in the earlier suit. *Federated Department Stores v. Moitie,*

452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Mandarino v. Pallard,* 718 F.2d 845, 849 (7th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984).

Mrs. Cannon does not dispute the first two requirements for application of *res judicata*—identity of parties and identity of causes of action. Both Chicago and Northwestern were parties in the prior action. Although Mrs. Cannon's theory of relief has changed slightly, her complaint is based on the same facts as her previous suits. Mrs. Cannon claimed a right to relief directly under Title IX in the first two suits, while here Mrs. Cannon claims that defendants' alleged violation of Title IX constituted a breach of contract. Thus, while the theory of relief may have changed, the cause of action remains the same. *Cemer v. Marathon Oil Co.,* 583 F.2d 830 (6th Cir.1978). Each suit sought to remedy the same single alleged wrong.

■ The third requirement under the doctrine of *res judicata,* that a court of competent jurisdiction entered a valid final judgment on the merits in the earlier suit, is the only requirement that Mrs. Cannon disputes. The only issue raised is whether the dismissals of Mrs. Cannon's prior suits against Chicago and Northwestern were judgments on the merits. The district court dismissed Mrs. Cannon's prior actions against Chicago and Northwestern pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. We affirmed on that basis. The Supreme Court denied certiorari. Under Rule 41(b) of the Federal Rules of Civil Procedure the district court's dismissals were adjudicated on the merits. Rule 41(b) provides that:

> "[U]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

A dismissal for failure to state a claim under Rule 12(b)(6) is a dismissal within the meaning of Rule 41(b) and therefore constitutes an adjudication on the merits. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394 at n. 3, 101 S.Ct. 2424 at n. 3, 69 L.Ed.2d 103 (1981); *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Rinehart v. Locke,* 454 F.2d 313, 315, (7th Cir.1971).

■ Mrs. Cannon seeks to avoid this result by arguing that the district court dismissal for failure to state a claim resulted in a lack of federal jurisdiction. Essentially, Mrs. Cannon argues that jurisdiction in the prior actions against Chicago and Northwestern was based on 28 U.S.C. § 1343. Since Section 1343 grants jurisdiction only over "any civil action authorized by law," Mrs. Cannon argues that a Rule 12(b)(6) dismissal results in there being no action "authorized by law" and thus results in a lack of federal court jurisdiction.

Mrs. Cannon's argument is without merit for two reasons. First, Mrs. Cannon sought equitable relief and damages of $15,000 in her prior suits against Chicago and Northwestern. Hence, the district court had subject matter jurisdiction under Section 1331 to reach the merits of the complaint.

Second, long standing Supreme Court precedent supports defendants' position that Mrs. Cannon's prior dismissal for failure to state a claim was an adjudication on the merits. In *Bell v. Hood, supra,* plaintiff alleged violations of her Fourth and Fifth Amendment rights. The district court dismissed for lack of subject matter jurisdiction under Section 1331 because of its view that no recovery could be had. The circuit court affirmed, and the Supreme Court reversed, stating:

> "Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on

which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the Court has assumed jurisdiction over the controversy." 327 U.S. at 681–82, 66 S.Ct. at 775–76.

Thus, Mrs. Cannon's attempt to characterize the dismissal of her prior action for failure to state a claim as "jurisdictional" is precluded by long standing Supreme Court precedent.

### III.

The prior judgments in favor of Loyola, Rush, Chicago Medical, S.I.U. and Illinois are also final adjudications on the merits, and bar Mrs. Cannon's suit against these universities.

As with her claims against Chicago and Northwestern, Mrs. Cannon does not dispute that the first two requirements for *res judicata*—identity of parties and identity of cause of action—have been met by the prior judgments in favor of Chicago Medical, Rush, Loyola, S.I.U. and Illinois. Mrs. Cannon argues only that the prior judgments against these defendants were not final judgments on the merits. Quite plainly, the judgment, both as entered by the district court, and this court, disposed of all of the claims asserted against all of the defendants in that action. Indeed, were this not the case, Mrs. Cannon could not have appealed that judgment to this court since the court would have lacked jurisdiction under 28 U.S.C. § 1291 to hear the appeal.

As stated above, Mrs. Cannon brought a claim of unlawful discrimination under the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.* against all defendants. These claims were dismissed for failure to state a claim upon which relief could be granted. The district court limited Mrs. Cannon's claim to an action for equitable relief and entered summary judgment in favor of defendants in Mrs. Cannon's Title IX claim on the basis of laches. Her Section 1983 claim against S.I.U. and Illinois was dismissed on the basis of laches as well.

In a second order, dated June 15, 1983, the district court vacated the prior order to the extent it granted judgment on the Section 1983 claims against S.I.U. and Illinois on grounds of laches. In that same order, the district court held that Mrs. Cannon was barred by the Eleventh Amendment from recovering damages from S.I.U. or Illinois, and that her claims for equitable relief under Section 1983 were moot.

We affirmed the judgments entered against Mrs. Cannon, but in regard to the Section 1983 claims against S.I.U. and Illinois did so only on the grounds of laches.

For purposes of applying the doctrine of *res judicata* it is this court's prior ruling that is controlling.

"A judgment affirmed on appeal has a conclusive effect, but if the appellate court affirms on grounds that differ from those relied on by the lower court, the conclusiveness of the judgment as *res judicata* and as collateral estoppel are determined by the appellate decision." IB Moore's Federal Practice § 0.416[2] at 518.

Under this analysis, the district courts' dismissal of Mrs. Cannon's ADEA claim for failure to state a claim upon which relief could be granted was clearly a decision on the merits of that claim. The holding of *Bell v. Hood* that a dismissal for failure to state a claim calls for judgment on the merits is directly applicable.

The disposition of Mrs. Cannon's Title IX and Section 1983 claims on grounds of laches is equally a judgment on the merits. In *McCrocklin v. Fowler*, 411 F.2d 580 (7th Cir.1969), we held that the district court correctly dismissed a suit because a privy of the plaintiff had brought a prior action on the same claim in the Court of Claims, and the prior action had been dismissed on the basis of the statute of limitations and laches. The district court noted that "the prior suit in the Court of Claims was on the merits" and we affirmed. Thus, all three requirements for application of *res judicata* have been met. The

present suit is barred and was properly dismissed by the district court.

## IV.

■ The district court did not abuse its discretion when it awarded defendants their fees on the motion to dismiss. We are in complete agreement with the district court that Mrs. Cannon's filing of a complaint in this action was an egregious and blatant violation of Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11 an attorney's signature on a pleading

> constitutes a certificate by him that he has read the pleading ... that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for extension, modification or reversal of existing law and that it is not interposed for any improper purpose.

Mrs. Cannon's claim is barred by well established principles of *res judicata,* as enunciated by the United States Supreme Court. Mrs. Cannon's ten year history of litigation demonstrates her penchant for harassing the defendants. Where a violation of Rule 11 occurs, the court is expressly given the power to award the opposing party his costs, including attorney fees, incurred by reason of the violation. It is only fair that Mrs. Cannon bear the attorney fees and costs plus the costs of this appeal that her penchant for litigation has caused non profit institutions of higher learning for far too long.

For the foregoing reasons the judgment of the district court is

AFFIRMED.