OPINION AND ORDER

Appellant asserts on appeal that the trial court erred in dismissing its action for failure to state a claim. Appellant also asserts that the trial court erred when it refused to enforce the certified village cease and desist order.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant, the Upper Village of Moenko-pi, brought this matter to the trial court, presumably requesting certification and enforcement of a village cease and desist order. Appellant village filed a copy of a village cease and desist order in the Hopi trial court on July 7, 1998. No petition or complaint accompanied this order. The tidal judge certified this order by adding several lines of text to the bottom of the village order. The trial judge signed and dated this “certification” on July 7, 1998. The village cease and desist order required Respondent to remove her double-wide trailer' from land over which Appellant village held a conflicting claim.
When Respondent erected her double-wide mobile home on the subject land in 1998, Appellant issued a cease and desist order instructing Respondent to remove her trailer and discontinue any attempts to use the land as a homesite. The order gave Respondent ten days to comply.
On July 23, 1998, Respondent filed her motion in the trial court to stay the effectiveness of the underlying cease and desist order in the Tribal court. Respondent argued that the cease and desist order was like a preliminary injunction and Appellant village failed to provide notice, a proper hearing, and the order was issued without affidavits or verifications. On July 29, 1998, the trial court issued its order staying certification of the village order.
In its order of July 29, 1998, the trial court further stated that the parties should be “allowed an opportunity to resolve the matter amongst themselves ...” On April 16, 1999, after no resolution attempts had yet been made, the trial court issued a Minute Entry stating that the case would be dismissed if the parties took no action by May 24, 1999. On May 12, 1999, Appellant village delivered a letter to Respondent, notifying her of a village meeting during which the matter would be discussed. Respondent could not attend the meeting due to previous ceremonial obligations. The village meeting was held, without Respondent, on May 18, 1999.
In a hearing on August 27, 1999, and a Minute Entry filed on September 3, 1999, the trial court found that Appellant’s letter of May 12, 1999 constituted sufficient “action” on the Upper Village’s part so as to prevent the cause from being dismissed.
The August 27, 1999 hearing was on Appellant’s Motion to Vacate Stay and Reinstate Prior Orders and the Defendant’s Motion to Strike the Ullage’s motion to vacate. The Motion to Vacate Stay was denied, with instructions for Defendant to provide the court with formal defenses regarding jurisdiction and lack of dues process pursuant to Honie v. Hopi Tribal Housing Authority, 96AP000007.
On October 8, 1999, the trial court issued a Minute Order requesting memoran-da concerning the court’s authority to certify cease and desist orders entered by Hopi villages. Both parties filed the requested memoranda.
After further briefing and argument, the trial court dismissed the underlying case on January 13, 2000, for failure to state a claim upon which relief can be granted. *367 Appellant filed a Notice of Appeal on February 1, 2000 appealing the trial court order of January 13, 2000 on the grounds that the trial court erred in its decision that Appellant village failed to state a claim. Appellant also claims that the trial court erred as a matter of law and fact by not enforcing the village decision, and therefore refusing to grant comity with regard to a lawful village order. Appellant filed a Motion for Stay Pending Appeal on February 1, 2000, which the trial court denied in an order filed March 7, 2000.

ISSUES PRESENTED ON APPEAL

1. Did the trial court err in dismissing this action for failure to state a claim because the request for certification failed to be accompanied by a petition or a complaint?
2. Did the trial court err when it dismissed this action because it did not grant comity to the village order?

DISCUSSION

I.Hopi Appellate Court Jurisdiction

A. Appeal from a, Final Order

This is an appeal from a final judgment. “[D]ismissal[s] ... for failure to state a claim upon which relief could be granted are judgments on the merits.” Cannon v. Loyola University of Chicago, 784 F.2d 777, 779 (1986).
The Hopi Indian Rules of Civil and Criminal Procedure (HIRCCP) state that a dismissal for failure to state a claim “shall be deemed an adjudication of the merits.... ” HIRCCP 16(b). Thus, an order dismissing an action for1 failure to state a claim is a final order. Rule 37(b) of the (HIRCCP) states that “[a]ny party who is aggi'ieved by any final order, commitment or judgment of the trial court may appeal in the manner prescribed by this Rule.” Appellant’s appeal is properly before This Court.
B. Timely Filing of Appeal
Appellant filed a notice of appeal nineteen days after the trial court’s Order dismissing the case. This filing was done in a timely manner as per Rule 37(c) of the HIRCCP.

II.Standard of Review

 The standard of review for this appeal is de novo. The application of the law to the facts is subject to de novo review. Coin at 9-10; see also RMI Titanium Co. v. Westinghouse Electric Corp., et al., 78 F.3d 1125, 1135 (6th Cir.1996). The trial court’s dismissal for failure to state a claim is a matter of law.

III.Failure to State a Claim

Under the general rules of pleading, HIRCCP Rule 5(a), a complaint must contain a claim for affirmative relief and shall contain a short, plain statement of the grounds upon which the court’s jurisdiction depends. The complaint must also contain a short, plain statement showing that the pleader is entitled to relief and must set forth a demand for judgment. Rule 5(a)(l)-(3)
The trial court held that the cease and desist order did not rise to the level of an adequate complaint. The order was not accompanied by a petition, a statement of facts, or affidavits illustrating that Appellant was entitled to any type of relief. If Appellant asks the court to certify and enforce its decision, it must provide the court with a clear explanation of its request and what relief it seeks.
A request for certification must be accompanied by a petition, or an application, which clearly sets out what the village is asking for and why it is entitled to that *368 relief. The cease and desist order made no formal request nor did it set forth any factual allegations that illustrated the village’s right to relief. The action was therefore properly dismissed under HIRCCP Rule 16(b).
Had the village cease and desist order been filed with a formal petition, the court would be required under Honie to follow the certification procedures described below.

IV Granting Comity with Respect to a Village Decision

 Comity is the willingness of one sovereign to lecognize the authority of another sovereign, not as a matter of right, but as a matter of deference and good will. The principle of comity is that courts of one jurisdiction will give effect to laws and judicial decisions of another jurisdiction, not as a matter of obligation but out of deference and respect. The case at bar is similar to the principle of comity because certification is generally considered a respectful recognition of a village decision.
This Court held in Honie that a village must provide fundamental fairness when making decisions concerning private parties if the village wants those decisions certified and enforced by the trail court. “The rights of interested parties must also be observed and ensured in the trail court’s recognition and certification process.” Honie at 6. Therein, we held that a village must provide a “fundamentally fair opportunity [to affected parties] to participate in the village decision making process.” Id.
Proper notice of an upcoming village board meeting to decide an issue must be given to the parties involved so that they have an opportunity to present their case to the village and participate in the village decision-making process.
Upon a request for certification, the trial court must then hold an evidentia-ry hearing on the issue of whether adequate notice and an opportunity to be heard was provided to interested parties before the village decision was made. The trial court must “carefully consider the evidence adduced at such a hearing, before it may recognize and certify a village decision.” Horde at 8.
While Horde (decided November 20, 1998) had not been decided at the time of the certification request (July 7, 1998), the Horde process was established shortly thereafter and was discussed throughout the remainder of the lower court proceedings. In addition, the court is bound by its own standards of fundamental fairness, is guided by the Indian Civil Rights Act, and cannot certify and enforce a village order where the village has not shown that a minimally fair process was afforded to all parties. Therefore, the Honie standard effectively applies retroactively.
V. Conclusion
The trial court properly dismissed the current action for failure to state a claim absent the filing of an accompanying petition or complaint stating the village’s request. The Upper Village’s filing of its cease and desist order alone failed to meet the minimum standards of a complaint. Further, before the trial court can certify and enforce a village decision, it must hold evidentiary hearings to determine whether fundamental fairness was afforded to interested parties before the village made its decision. The order of the trial court dismissing the village’s presumptive request for certification for failure to state a claim, and dated January 13, 2000, is affirmed. However, the Upper Village of Moenkopi may now file a proper petition for certification with the trial court under the process outlined in Honie.

*369
ORDER OF THE COURT

The decision of the trial court is AFFIRMED.